J-S77037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY G. BLANK, | : | |
| | : | |
| Appellant | : | No. 1792 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 24, 2014
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0002351-2007

BEFORE:    STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 20, 2015**

Gary G. Blank (Appellant) appeals from his judgment of sentence of 30 to 60 months of imprisonment following his violation-of-probation (VOP) hearing. Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

In 2007, Appellant was sentenced to 11½ to 23 months of incarceration, followed by ten years of probation, after he pled guilty to counts of theft by deception and possession of a firearm by person prohibited. He did not file a direct appeal.

---

*Retired Senior Judge assigned to the Superior Court.

Following a bench trial in June 2012, Appellant was convicted at docket number CP-09-CR-0006778-2011 of four different theft charges, access device fraud, and criminal conspiracy resulting from Appellant's taking over $200,000 from a trust fund that his deceased wife had established for the benefit of their minor daughter.[1]

In October 2012 at the instant docket number, the trial court granted a motion for a VOP hearing based upon the new convictions. Although the hearing was scheduled to take place in December 2012, it was continued repeatedly for various reasons, including the failure (twice) of authorities to transport Appellant from state prison for the hearing, the similar failure to present Appellant for a video conference, and Appellant's request to appear at the hearing in person with retained counsel.

The **Gagnon II** hearing[2] ultimately was held on April 24, 2014. The trial court found that Appellant had violated the terms of his probation and sentenced Appellant to 30 to 60 months of incarceration, with 19 months of credit for time served. Thereafter, Appellant filed a motion to proceed *pro*

---

[1] This Court affirmed Appellant's resulting judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Blank**, 100 A.3d 310 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 101 A.3d 784 (Pa. 2014).

[2] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 802 n.1 (Pa. Super. 2011) (citation omitted), **see also Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

*se* and a notice of appeal. The trial court granted the motion and Appellant proceeded with his appeal *pro se*.

Because this Court determined that the trial court granted the motion to proceed *pro se* without holding the waiver colloquy required by Pa.R.Crim.P. 121(C) and *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), we remanded the case for a *Grazier* hearing. After having to reschedule the hearing several times due to video equipment difficulties and Appellant's health-related unavailability,[3] the trial court received correspondence from Appellant indicating his desire to proceed with counsel. The trial court appointed counsel, and both counsel and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed a petition to withdraw her representation of Appellant and an *Anders* brief.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

---

[3] Appellant testified at the VOP hearing that he was diagnosed with bladder cancer during his incarceration.

- 3 -

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the **Anders**

procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has substantially complied with the

technical requirements set forth above.[4] Therefore, we now have the

responsibility "'to make a full examination of the proceedings and make an

independent judgment to decide whether the appeal is in fact wholly

---

[4] Appellant has not responded to counsel's petition to withdraw.

- 4 -

frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

Counsel has set forth one issue of arguable merit:

Whether the [trial] court erred in finding that Appellant's ***Gagnon*** hearing was timely held when said hearing was held more than a year after the violating conviction and over a month after the period in which Appellant was eligible for parole on said violating offense, thus preventing him from being eligible to be paroled at his minimum?

***Anders*** Brief at 5 (some formatting altered).

We begin with an examination of the applicable law.

Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held **as speedily as possible** at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added). "The bolded language has been interpreted as requiring a probation violation hearing within a reasonable time. In determining whether a VOP hearing is held within a reasonable period, we examine 'the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.'" ***Commonwealth v. Wright***, 116 A.3d 133, 137 (Pa. Super. 2015) (quoting ***Commonwealth v. Woods***, 965 A.2d 1225, 1227 (Pa. Super. 2009)).

In examining the reasons for the delay, "[t]he court should not fault the Commonwealth for delays resulting from the Department of Corrections' inability to find, transport, or house defendants in their custody. Similarly, a court should not attribute to the Commonwealth delays caused by the defendant." ***Commonwealth v. Christmas***, 995 A.2d 1259, 1263 (Pa. Super. 2010) (citations omitted). In considering the prejudice prong, we bear the following in mind.

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty. If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty.

***Id.*** (citations and quotation marks omitted).

The trial court offered the following analysis of Appellant's claim of error:

> In the instant case, [Appellant] was sentenced on September 17, 2012 and the violation hearing took place on April 24, 2014. [Appellant's] revocation hearings were continued a total of four (4) times. Three (3) of these continuances were a direct result of the Department of Corrections' failure to transport [Appellant] or ensure he was available for a video conference (December 12, 2013, April 12, 2013, and July 22, 2013). [Appellant] directly requested the remaining delay, despite the fact that he had a significant amount of time prior to make this request, as the first violation hearing was scheduled

for December 12, 2012 and this request for a continuance for an attorney and to appear in person was made on September 26, 2013. The Bucks County Probation and Parole Department was proactive in filing a new Motion for Hearing on Violation of Probation/Parole following each and every continuance due to either the Prison's failure to transport [Appellant], produce Defendant for video conference, or [Appellant's] individual request for a continuance. Furthermore, Brandon Sondag, [Appellant's] probation/parole officer, testified that the probation and parole department was prepared to go forward on these hearings at each and every listing had [Appellant] been present. These circumstances compel us to conclude that the Commonwealth cannot be charged for these delays.

* * *

At the hearing, defense counsel claimed that had there been no delay in the proceedings, there was a possibility that [Appellant] could have been released on parole after serving the minimum sentence imposed on Case No. 6778-2011. … [Appellant] served this minimum sentence as of February 26, 2014. [Appellant] claimed that his application for parole was pending the outcome of this case. Thus, [Appellant] is claiming the prejudice occurred from February 26, 2014 to the date of the violation hearing, April 24, 2014. We ordered [Appellant's] sentence on this violation to be served concurrently with the sentence he was then serving on Case No. 6778-2011. Furthermore, he was given credit for time served from the date he was incarcerated on these new charges that underlie the violation. As such, on the date of the violation hearing in consideration of our sentencing order, he had technically already served nineteen (19) months of this new sentence. Even if this violation hearing had taken place directly following his conviction, he still would be serving the same amount of time, as no further violations were submitted at the hearing which would cause us to contemplate a higher sentence. We note that the argument that he would have been granted parole on or closely after he served the minimum requirements of his sentence is purely speculative, especially considering his lengthy criminal history.

Supplemental Trial Court Opinion, 5/27/2015, at 4-6.

The record supports the trial court's determination that the delay was not the result of a lack of diligence on the part of the Commonwealth, and that Appellant did not suffer prejudice of a result of the delay. Accordingly, we conclude that Appellant's issue challenging the timing of his *Gagnon* hearing is devoid of merit.

Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[5] *Flowers*, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/20/2015

---

[5] We have done so bearing in mind that that our scope of review on appeal from a sentence imposed following revocation of probation is limited to (1) the validity of the proceedings, and (2) the legality and discretionary aspects of the sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc*).