616 A.2d 6

**COMMONWEALTH of Pennsylvania**

v.

**Thomas J. BISCHOF, Appellant.**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Nov. 2, 1992.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

Craig W. Stedman, Asst. Dist. Atty., Lancaster, for the Com., appellee.

Before CAVANAUGH, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

Appellant, Thomas J. Bischof, takes this appeal from an order denying his motion to modify his parole violation recommitment order. The relevant facts are as follows. On December 16, 1988, Appellant pled guilty pursuant to a negotiated plea agreement before the Honorable Michael A. Georgelis of the Court of Common Pleas of Lancaster County. He was sentenced on count one, burglary, to time served to 23 months, and a $100 fine. On count two he was sentenced to time served to 23 months. The theft charge in count three was found to merge, and on counts four and five, criminal conspiracy, he was sentenced to probation for two years, to run concurrently with each other but consecutive to the burglary sentences.

On September 15, 1989, a capias was issued charging Appellant, who was then in York County Prison on numerous new charges, with violating his parole. On October 16, 1989, the York County Court of Common Pleas sentenced Appellant to a term of imprisonment for three to six years on the new charges. Approximately 18 months later, on July 23, 1991, after the parole period had expired, the Commonwealth brought the Appellant before the Court for a parole violation hearing. This hearing was continued until September 27, 1991, because Appellant did not have counsel, and then continued again for reasons unknown to Appellant. Finally, the hearing was held on October 8, 1991, just 8 days shy of two years from his conviction on the charges which caused the parole violation.

Appellant contends that the court erred in revoking his parole because contrary to the provisions of Rule 1409, Pa.

R.Crim.P., 42 Pa.C.S., his hearing on parole revocation was not held, as "speedily as possible", following the authorities' discovery that a parole violation had occurred. On numerous occasions this court has been called on to review the question of whether this Rule has been violated and, consequently, has developed a three-part test to determine whether a post-conviction delay of a parole revocation hearing is reasonable. When evaluating the reasonableness of this delay we consider the length of the delay, the reason for the delay, and the prejudice to the defendant. *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977); *Commonwealth v. Nance,* 290 Pa.Super. 312, 434 A.2d 769 (1981); *Commonwealth v. Pelzer,* 319 Pa.Super. 282, 466 A.2d 159 (1983).

 We have previously held that the period of delay is to be measured from the date of conviction or entry of the guilty plea to the date the revocation hearing is held. *Commonwealth v. Reed,* 277 Pa.Super. 94, 419 A.2d 677 (1980); *Commonwealth v. McCain,* 320 Pa.Super. 394, 467 A.2d 382 (1983). In the instant case, the Appellant was convicted of the probation-revoking offense on October 16, 1989. Appellant's hearing was not held until October 8, 1991. This delay involved a period of approximately two years. Although we have found one case in which a 10 month delay was found to be reasonable, *Pelzer, supra,* 319 Pa.Super. 282, 466 A.2d 159, we have found no case in which such a protracted length of time has been deemed reasonable. *See, McCain, supra,* 320 Pa.Super. 394, 467 A.2d 382, (12 month delay was unreasonable); *Holmes, supra,* 248 Pa.Super. 552, 375 A.2d 379, (22½ month delay was unreasonable); *Commonwealth v. Jones,* 242 Pa.Super. 558, 364 A.2d 414 (1976), (9½ month delay was unreasonable).

However, the requirement of a speedy hearing embodied in the Rule is not to be determined solely by the length of time between conviction and hearing. We must analyze the circumstances surrounding the reasons for the delay to see if the Commonwealth acted with diligence in scheduling a revocation hearing. We have held in that past that where an appellant successfully conceals the violation or evades arrest, then any

consequent delay will be attributed to the appellant, and certain delays incident to the scheduling of revocation hearings are reasonable. *Holmes, supra,* 248 Pa.Super. at 558, 375 A.2d at 381. But in the instant case we can not find that the Commonwealth acted with diligence.

A detainer was issued in September of 1989, after the parole officer learned of Appellant's incarceration for other crimes, and Appellant was convicted and sentenced on October 16, 1989. The reason for the delay given by the Commonwealth was that it was not sent a certified copy of Appellant's conviction until February 11, 1991. This is approximately 15 months after the conviction. In all this time the parole department took no affirmative steps to ascertain the status of Appellant in regards to the new charges. Further, once the copy was received, it would be assumed that the Commonwealth would have expedited matters since the notification was so tardy. Nevertheless, even then the hearing was not scheduled until July 23, 1991, five months later. Even if, as the Commonwealth argues, we attribute the subsequent delay until September 27, 1991 to Appellant's mixed signals regarding his desire to proceed *pro se* and the difficulties in finding appointed counsel, then the total period was still 22 months.

In *Commonwealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983), we held that reliance on a certified copy of conviction before scheduling a probation revocation hearing is a useful policy, protecting the interests of the parties and promoting judicial economy by eliminating the need to call witnesses and/or produce evidence of the conviction or plea of guilty. However, in *Kane* the Commonwealth received its certified copy of the conviction just 3 months after sentencing, filed a motion for a probation violation hearing within three days, and the hearing was then held two weeks later.

Given that in the instant case that the delay in receiving the copy was 15 rather than 3 months, and that the hearing was not held within weeks after receiving the certification, but five months later, the instant circumstances are distinguishable from those in *Kane.* We do not find that the Commonwealth proceeded with diligence.

Our inquiry does not end, however, for we must also determine if Appellant was prejudiced by the delay. While noting that he was incarcerated on the York County charges during the entire period the parole violation was pending, Appellant contends that the fact that his original parole period expired is evidence of, at least, minimum prejudice. He also maintains that the delay caused him to be unable to participate in certain prison programs because the parole violation charge acted as detainer.

In *Commonwealth v. Holmes, supra,* the court was considering a similar claim of prejudice made by an appellant. The court found that neither the fact that the appellant's detainer adversely affected his psychological rehabilitation or his right to participate in certain prison programs, asserted an interest protected by due process. The court went on to hold that a certain amount of prejudice "necessary follows from the mere fact of the expiration of the parole period." *Id.,* 248 Pa.Super. at 560, 375 A.2d at 382. Although the court concluded this prejudice was minimal, the prejudice considered with the extraordinary length of delay (twenty months) and the lack of diligence or explanation, was sufficient reason for the court to conclude that the appellant was denied his right to a speedy hearing and reverse the order revoking his parole.

*Holmes* was later cited in *Commonwealth v. Marchesano,* 348 Pa.Super. 387, 502 A.2d 597 (1986) for the proposition that a certain amount of prejudice necessarily follows from the fact that the probationary period has expired. The Supreme court had an opportunity to rule on the *Marchesano* case, *Commonwealth v. Marchesano,* 519 Pa. 1, 544 A.2d 1333 (1988), and it concluded that the superior court's prejudice "analysis was tantamount to involving a *per se* rule finding prejudice to exist whenever a revocation hearing is held after the period of probation has expired." *Id.* at 7, 544 A.2d at 1336. Determining that such a rule was "without foundation" *Id.,* the court set forth the proper consideration for making a determination of prejudice:

Prejudice in this context has been interpreted as being something which would detract from the probative value

and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restrain of personal liberty.

*Id.*

Appellant fails to allege that he suffered prejudice as defined by our Supreme Court. Appellant was already incarcerated on the charges for which his parole was revoked, and was therefore not occasioned any loss of personal liberty because of the delay in holding his revocation hearing. Likewise, Appellant suffered no harm in the way of favorable evidence or witnesses lost to him because of the delay; Appellant's guilt on the parole-revoking charges was conclusively established by his conviction of those offenses. *Commonwealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983). We therefore conclude that Appellant is not entitled to relief based upon a claimed violation of his right to a speedy hearing.

■ Appellant also argues that his sentence should be vacated because the court ordered him to serve consecutive periods of incarceration on the two sentences for which he was recommitted for violating his parole, when these sentences were originally ordered to run concurrently. With this claim we agree.

■ Upon finding that Appellant had violated the terms of his parole, the trial court directed that he serve the unexpired balance of his term, which was twenty-three months on each of two counts, and further directed that the sentences be served consecutively. However, after making the determination that the parole granted on two specific sentences had been violated, the trial court only had authority to recommit Appellant to serve out the balance of the terms from which he had been paroled, which terms were to run concurrently. To change sentences which were originally made to run concurrently to consecutive sentences constitutes an enhancement of sentence,

which has certain constitutional implications. *Commonwealth v. Hermankevich*, 220 Pa.Super. 197, 286 A.2d 644 (1971). The maximum period for which Appellant could be sentenced after revoking the parole set on these charges was limited to the maximum term under which Appellant was originally sentenced because a "modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy." *Commonwealth v. Cole*, 222 Pa.Super. 229, 231, 294 A.2d 824, 825 (1972) *See also Commonwealth v. Raynes*, 349 Pa.Super. 314, 503 A.2d 17 (1986).

■ This case must be contrasted with those cases where the court revokes a probationary sentence and has the authority to modify the original probationary period by lengthening it and by adding reasonable conditions. *Commonwealth v. McBride*, 289 Pa.Super. 396, 433 A.2d 509 (1981). This is so because in those cases the order of probation is a conditional order and not a final order for double jeopardy purposes. *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263 (1986). However in the instant case the court sought to modify, not a probationary period, but a fixed sentence. This it cannot do. In general, a sentencing court has jurisdiction to modify a sentence only in the first 30 days after imposition.[1] *Commonwealth v. Thomas*, 301 Pa.Super. 333, 447 A.2d 994 (1982). *Accord, Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985) (court lacked jurisdiction to modify a sentence, more than 30 days after imposition, so as to run consecutive to another sentence); *Commonwealth v. Cooper*, 333 Pa.Super. 559, 482 A.2d 1014 (1984). The court's modification here was untimely. An appropriate order would have recommitted Appellant to serve out the unexpired balance of his sentences, such sentences to run concurrently with each other.

---

1. An exception exists where the trial court discovers that the sentence originally imposed was illegal, in which case it may alter the sentence beyond the 30–day period. *Commonwealth v. Pastorkovic*, 390 Pa.Super. 1, 567 A.2d 1089 (1989). There is no claim here that the original sentence imposed was illegal.

For the above reasons, we reverse the order of the trial court, and remand the case for resentencing consistent with this opinion. Jurisdiction relinquished.