COMMONWEALTH of Pennsylvania,
Appellee,

v.

John WILLIAMS a/k/a Malik
Wilson, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 11, 2002.

Filed June 10, 2002.

* Retired Justice assigned to Superior Court.

1. At the time of the revocation hearing, Appellant had been arrested on bench warrants and

Robert P. Fulton, Glenside, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: JOHNSON, BROSKY and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 This is an appeal from judgment of sentence imposed pursuant to the revocation of Appellant's probation and parole. The original sentence, entered in February of 1997, following Appellant's guilty plea to a violation of the Uniform Firearms Act, (VUFA), specifically, 18 Pa. C.S.A. § 6106, Firearms not to be carried without a license, a third degree felony, was 8 to 23 months' incarceration followed by 2 years' probation, and $4,155 restitution. In September of 1999, after Appellant was found to have committed technical violations[1] of his probation/parole, the court resentenced him to an aggregate 9 to 18 years' incarceration. He moved unsuccessfully for reconsideration of his sen-

was awaiting trial on substantive criminal charges contained in five bills of information.

tence, and filed a notice of appeal with this Court. The appeal, however was dismissed for failure to file a brief. Appellant's appellate rights were reinstated *via* a post conviction relief petition, and this *nunc pro tunc* appeal followed. The sole claim before us is that the sentence imposed following the revocation hearing was illegal and excessive.

¶ 2 When reviewing the results of a revocation hearing, this Court is limited to determining the validity of those proceedings, and the legality of the judgment of sentence imposed. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super.2001). The Sentencing Code provides in pertinent part that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of the initial sentencing...." 42 Pa.C.S.A. § 9771(b).

¶ 3 Relying on *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6 (1992), Appellant argues that "[t]he alteration of a sentence following a violation of probation hearing from one which was concurrent to one which is consecutive has been determined to be illegal." (Appellant's Brief at 7). He further relies on *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994), for the proposition that "where a plea is entered and concurrent sentences imposed pursuant to the plea, a subsequent violation of a probationary term cannot end in consecutive sentences." (Appellant's Brief at 8).

¶ 4 The Commonwealth first responds that because "defendant fails to include anything in the certified record on appeal—including the notes of testimony from his guilty plea colloquy—that would allow this Court to determine whether his guilty plea was open or negotiated and whether the terms of his plea mandated concurrent terms of incarceration," (Commonwealth's Brief at 5), his

claim is waived. However, the matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality, and may not be waived. *Anderson, supra* at 111. Further, although the Commonwealth is correct as to the absence of sentencing hearing transcript, transcription was ordered by Appellant. Inquiries by this Court as to its whereabouts have proved unavailing. It is therefore not clear that Appellant is responsible for the omission of the transcript. However, contrary to the Commonwealth's further assertion, the certified record does contain clear evidence of a negotiated plea bargain, specifically, the plea colloquy form signed by Appellant, the prosecutor, and the sentencing judge on February 5, 1997, the date of his sentencing hearing. The pre-printed document first states, with holographic numbers in red ink, "I know I can go to jail for up to 14 years and be fined $30,000 for the crimes I committed." Thereafter, the form reads, "There is no plea bargain or agreement of any kind, except that the District Attorney promised to: Recommend a sentence of not more than 8 to 23 [years] [months] with 2 years probation to follow." Here the sentence numbers and the notation regarding probation are all written in blue, as are Appellant's name, address, age, years of schooling and the charges to which he admits guilt: "theft, TSP, Crim misc, PIC, Unauth use Auto, Consp." This writing, which all appears to be in the same hand, also appears to be in a different hand than the numbers written in red. Also in large red letters is printed next to the crimes list, "Vufa." Statements on the form that "There is no plea bargain or agreement of any kind," and "Make no recommendation about my sentence," have been crossed out in blue ink. Other documents in the record indi-

cate that charges of receiving stolen property and a further weapons violation were nolle prossed by the Commonwealth.[2] Therefore, although the language of the form is less than crystalline, its meaning is clear: there were negotiations which eventuated in the Commonwealth's dropping some charges and recommending a sentence of 8 to 23 months' imprisonment followed by 2 years probation in exchange for Appellant's guilty plea. Absent from the documentation is any reference to concurrent sentences. Indeed, all of the documentation in the file points to the fact that Appellant was sentenced on one offense only, the VUFA.

¶ 5 This Court in *Anderson* held that after revocation a sentencing court is bound by the sentencing terms of an original negotiated plea agreement. In fact, the trial court in *Anderson* had "acknowledged on the record the existence of a negotiated plea bargain wherein appellant agreed to plead guilty in exchange for the imposition of a sentence concurrent with the prior sentence imposed on the burglary convictions." *Id.* at 113. In spite of this, the trial court, after revoking the appellant's probation, sentenced him to consecutive terms of 2 to 4 and 2 to 5 years' incarceration. We noted, in explaining our rationale, that "[a] sentence recommendation is among the 'terms' of a plea bargain." *Id.* We therefore vacated Appellant's sentence and remanded for resentencing.

¶ 6 In *Commonwealth v. Byrd*, 444 Pa.Super. 86, 663 A.2d 229, 231 (1995), we addressed the question of whether *Anderson* "changed the law and limited the trial court's power to sentence after revocation of probation." We found that in the absence of the specific circumstances unique to *Anderson*, the trial

court's power to sentence after revocation of probation was not thus limited. As noted above, the circumstances in *Anderson* are not replicated here. *See also Commonwealth v. Ware*, 737 A.2d 251, 255 (Pa.Super.1999) (sentence entered pursuant to negotiated plea agreement did not provide or recommend that it be imposed concurrent to an unrelated sentence; therefore, sentence imposed after parole/probation revocation which provided that it run consecutive to any sentence being served was not illegal). *Bischof, supra*, similarly offers Appellant no relief, as there too, the sentence to which the appellant had agreed in return for his guilty plea was comprised of two terms specifically intended to run concurrently.

¶ 7 Judgment of sentence affirmed.

---

**2.** The disposition of the remaining crimes on the plea colloquy list is unclear.