J-S71004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH DUNLAP | |
| Appellant | No. 2991 EDA 2015 |

Appeal from the Judgment of Sentence September 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903240-2006

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 18, 2016**

Joseph Dunlap appeals from the judgment of sentence of two to four years imprisonment followed by six years of probation.  The sentence was imposed after Appellant was found in violation of probation.   We affirm.

On February 20, 2006, Philadelphia Police officers responded to a radio call that a man with a gun was sitting inside a brownish-gold car located on the 1300 block of West Wishart Street, Philadelphia.  When they arrived at the noted location, the officers saw Appellant in a brownish-gold car and detected an odor of marijuana emanating from the vehicle.  A K-9 unit arrived at the scene, and the dog alerted to the presence of marijuana.  The officers recovered marijuana and 6.3 grams of heroin in twenty-one glassine packages from the car and had it towed.  They then secured a search

_____

* Former Justice specially assigned to the Superior Court.

warrant and discovered a loaded Cobra M-11 pistol with an obliterated serial number and evidence linking Appellant to the car.

Appellant was charged herein with three violations of the Uniform Firearms Act consisting of possession of a weapon by a prohibited person, possession of an unlicensed firearm, and possession of a firearm on public property in Philadelphia as well as possession of a controlled substance with intent to deliver (heroin), possession of heroin, and possession of marijuana. The drug offenses were later dropped. On March 7, 2008, Appellant tendered a negotiated guilty plea to the firearms offenses, and was sentenced, in accordance with the agreement, to two and one-half to eight years incarceration followed by two years probation with credit for time served commencing on June 6, 2006.

Appellant was paroled on March 11, 2010, and, on June 2, 2014, four days before he was going to be finished with parole and start his probationary term, Appellant was arrested. Specifically, Appellant was stopped by police on 1600 North Eleventh Street, Philadelphia, for violating the Motor Vehicle Code, and 123 baggies of crack cocaine weighing over eleven grams were discovered in his pocket. N.T. Motion, 6/23/15, at 5.

On August 20, 2014, Appellant was charged with violating probation by committing another crime. The violation of probation hearing was deferred awaiting disposition of the charges that were filed in connection with the June 2, 2014 events. In that matter, Appellant sought suppression

of the drugs found on his person. On May 8, 2015, the trial court in that case concluded that police unconstitutionally found the drugs and suppressed them. *Id*. at 6.

Three days later, May 11, 2015, the Commonwealth moved to proceed with the violation proceedings herein. On June 23, 2015, a hearing was held, and the Commonwealth sought revocation of the probationary term that Appellant had not started to serve. *Id*. at 5. It relied upon the fact that, during the suppression hearing, Appellant admitted that he possessed the crack cocaine but maintained that its seizure was illegal. Additionally, Appellant had been arrested for an aggravated assault arising from a non-fatal shooting, and that case was dismissed after the complaining witness would not appear to prosecute Appellant. *Id*. at 14.

Based on this evidence, the trial court revoked Appellant's probationary sentence, and, on September 9, 2015, imposed a term of two to four years imprisonment with a six year probationary tail. This appeal followed. Appellant raises the following issues on appeal:

> Did the court violate Appellant's right to a speedy hearing following a delay of fourteen months where Appellant was prejudiced as he remained in jail and was not being held due to any other sentence or charge and Appellant did not receive written notice of the probation violation charge?

> Did the court illegally sentence Appellant to 2 to 4 years incarceration plus 6 years probation where [the] court only had authority to recommit Appellant to serve out the balance of terms which he had been paroled?

Appellant's brief at 4.

Initially, we note that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa.Super. 2015). Herein, Appellant's first challenge is to the validity of the revocation proceedings in that he contends that his right to a speedy violation hearing was violated due to the delay between the filing of the violation motion, August 20, 2014, and the conduct of the hearing, June 23, 2015. **See** Pa.R.Crim.P. 708(B)(1) ("Whenever a defendant has been sentenced to probation . . . or placed on parole, the judge shall not revoke such probation . . . or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]").

Initially, we note that this averment is waived since it was not raised at the violation hearing, at sentencing, or in a post-sentence motion. Pa.R.A.P. 302(a). Additionally, it is meritless. The Commonwealth deferred proceeding with the violation hearing until the underlying charges forming the basis of the violation were resolved. It then immediately proceeded with the violation matter once the other criminal action was dismissed due to the suppression order. In **Commonwealth v. Infante**, 888 A.2d 783, 791 (Pa. 2005) (citation omitted), our Supreme Court stated that when the basis for

- 4 -

revocation arises from the defendant's commission of another crime, the violation hearing can be "postponed pending adjudication of criminal charges which are the basis for the revocation." The delay therefore was permissible.[1] *Id*.

Appellant's second argument is somewhat misguided. He appears to be suggesting that his parole was revoked. When parole is revoked, the court is allowed only to re-commit the defendant to serve the balance of the previously-imposed prison term. ***Commonwealth v. Bischof***, 616 A.2d 6, 10 (Pa.Super. 1992). However, at the June 23, 2015 hearing, the Commonwealth made clear that it was not seeking to revoke parole. N.T. Hearing, 6/23/15, at 5. Instead, the Commonwealth sought to revoke the probationary term that Appellant was set to begin serving four days after he committed the underlying crime. ***Id***. Indeed, as noted at the hearing, since Appellant was serving parole on a state sentence, the Pennsylvania Board of Probation and Parole (the "Board") was the entity with jurisdiction over any violation-of-parole proceeding. 61 Pa.C.S. § 6132 (a)(1)(i) (the Board has exclusive power to parole and recommit for parole violations any person in a state correctional institution).

---

[1] We note that Appellant received credit for time served against the sentence imposed herein. N.T. Hearing, 9/9/15, at 23.

However, the trial court was allowed to revoke the probationary term, despite the fact that Appellant had not yet begun to serve it when he committed the violation at issue. ***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa.Super. 1999) ("the court had the authority to revoke" the defendant's probation even though defendant "had not yet begun to serve the probationary portion of her split sentence and even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period"). Accordingly, we reject Appellant's second position.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/18/2016</u>