J-S25007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHATEERA LEANN THOMPSON, | |
| Appellant | No. 2472 EDA 2016 |

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001738-2016

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHATEERA LEANN THOMPSON, | |
| Appellant | No. 2475 EDA 2016 |

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003712-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 05, 2017**

Shateera Leann Thompson (Appellant) appeals from the judgment of sentence imposed on July 6, 2016, that resulted in an aggregate sentence of four to eight years' imprisonment after revocation of her probation in a 2015

case and revocation of her parole in a 2016 case.[1] After review, we reverse the judgment of sentence and remand for further proceedings.

In April of 2015, Appellant was arrested and charged with aggravated assault on law enforcement, 18 Pa.C.S. § 2702(a)(3). Although she agreed to plead guilty to two counts of aggravated assault, Appellant's guilty plea was held in abeyance by the court, which instead ordered her admission for 24 months into the mental health court program. Then, in March of 2016, Appellant was again arrested and pled guilty to simple assault, 18 Pa.C.S. § 2701(a)(1), for which she received a sentence of time-served to 23 months' incarceration. After a hearing was held on May 10, 2016, and as a result of the 2016 simple assault conviction, Appellant was found to have violated the terms of her commitment to the mental health court program in connection with the 2015 aggravated assault case and was sentenced to three years' probation to be served under the supervision of the mental health unit. While still incarcerated, the probation department sought housing for Appellant in a Carelink facility, due to the fact that she was homeless. Shortly after Appellant's release, allegations were made that she had committed technical violations of both her probation relating to the 2015 case and her parole related to the 2016 case.

---

[1] This Court issued a *per curiam* order on October 4, 2016, consolidating Appellant's two appeals.

A hearing was scheduled for July 6, 2016, at which both the 2015 and 2016 cases were at issue. Appellant's counsel stipulated that notice was received; however, she contested the violations. Following arguments presented by the Commonwealth and Appellant's counsel, the court imposed the four to eight year aggregate sentence. Appellant filed post-sentence motions and an appeal to this Court. She also filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In her brief, she sets forth the following two issues for our review:

> 1. Did the trial court abuse its discretion and/or commit an error of law by finding Appellant in violation of her probation, where the evidence was gravely insufficient to support the violations alleged, and where Appellant was effectively denied the ability to participate in her own defense[?]
>
> 2. Did the trial court abuse its discretion by entering a manifestly excessive sentence, which consisted of total confinement, which was inappropriate to meet Appellant's rehabilitative needs, and which was not essential to vindicate the authority of the court[?]

Appellant's brief at 3. In its opinion in response to Appellant's appeal to this Court, the trial court discussed factual matters relating to the alleged violations, which it relied upon to support the imposition of the aggregate sentence of four to eight years in prison.

Rather than specifically discuss the issues Appellant has raised, most notably that there is insufficient evidence to support the alleged violations of her probation and parole, we recognize that the Commonwealth has

- 3 -

requested remand for a proper *Gagnon II*[2] hearing.  Following our review of the record, we agree that Appellant's sentence must be reversed and a remand is necessary.  No evidence at all was presented at the *Gagnon II* hearing; the entire "hearing" consisted of argument by counsel for the Commonwealth and for Appellant and minimal statements made by a representative from the Adult Probation and Parole Department, who was not under oath.

Initially, we note that "[w]hen reviewing the results of a revocation hearing, this Court is limited to determining the validity of those proceedings, and the legality of the judgment of sentence imposed." *Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005) (quoting *Commonwth v. Williams*, 801 A.2d 584, 585 (Pa. Super. 2002)).  Moreover, this Court has explained:

> The *Gagnon II* hearing entails two decisions: first, a consideration of whether the facts determined warrant revocation.  The first step in a *Gagnon II* revocation decision … involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation].  It is this fact that must be demonstrated by evidence containing "probative value."  Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?  Thus, the *Gagnon II* hearing is more complete than the *Gagnon I* hearing in affording the probationer additional due process safeguards, specifically: (a) written notice

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Commonwealth v. Sims*, 770 A.2d 346 (Pa. Super. 2001) (quotation marks and citations omitted).

Simply stated, the "hearing" held on July 6, 2016, did not satisfy the requirements of *Gagnon II*. No testimony or documentation was presented that could in any way support the trial court's decision. *See Heilman*, 876 A.2d at 1028 (concluding that insufficient evidence appeared in the record of the hearing providing a basis for a finding that the appellant willfully disregarded the terms of his probation). Therefore, we are compelled to remand for a new violation hearing. *See Commonwealth v. Mullins*, 918 A.2d 82, 85-86 (Pa. 2007) (holding that, when vacating a probation revocation sentence due to insufficient evidence, the matter is to be remanded for a new revocation hearing). Accordingly, under the circumstances here, we reverse the judgment of sentence and remand for a new revocation hearing.

Judgment of sentence reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

J-S25007-17

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2017

- 6 -