J-S68036-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY LOTT HUEY | : | |
| | : | |
| Appellant | : | No. 674 WDA 2018 |

Appeal from the Judgment of Sentence April 6, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000400-2011

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: FILED NOVEMBER 14, 2018

Appellant Wesley Lott Huey appeals from the judgment of sentence entered in the Court of Common Pleas of Venango County on April 6, 2018, following the revocation of his probation. We affirm.

Appellant does not dispute the trial court's statement of the factual background and procedural history and, in fact, he relies upon the same in his appellate brief. See Brief for Appellant at 6-10 (citing Trial Court Opinion, filed 7/98/18, at 1-4).

In his brief, Appellant presents the following Statement of Question Involved:

> Whether the lower court erred or abused its discretion by sentencing [Appellant] on a pro[b]ation revocation where the Commonwealth waited an unreasonable amount of time before revoking [Appellant] for a 2015 Escape conviction?

_____

* Former Justice specially assigned to the Superior Court.

Brief for Appellant at 5.[1]

In his sole issue on appeal, Appellant argues that the trial court violated Pa.R.Crim.P. 708[2] by failing to hold a revocation hearing as speedily as possible. Brief for Appellant at 18-20. Appellant contends that, because of the delay, his sentence should be vacated and the matter should be remanded for a new hearing and/or resentencing.

In an appeal from a sentence imposed after the trial court has revoked probation, this Court may review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." Commonwealth v. Wright, 116 A.3d 133, 136 (Pa.Super. 2015).

_____

[1] The Commonwealth did not file an appellate brief.
[2] Pa.R.Crim.P. 708, which pertains, inter alia, to a violation of probation, provides, in relevant part:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added).

We have reviewed the certified record, Appellant's brief, the applicable law, and the thorough opinion authored by the Honorable Robert L. Boyer of the Court of Common Pleas of Venango County filed on July 9, 2018, We conclude that Judge Boyer's opinion accurately disposes of the issue Appellant presents on appeal, and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Boyer's Opinion as our own and affirm the judgment of sentence on that basis.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2018

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :
                              :
                              :
                              :
v.                               :
                              :        CR. No. 400—2011
WESLEY LOTT HUEY,                :
                              :
Defendant.                       :

## OPINION OF COURT

AND NOW, this _9th_ day of July, 2018, the Court has before it Petitioner's Concise statement of errors complained of on appeal. Pursuant to Pa. R.A.P. 1925(a)(1), the Court issues the following opinion.

### Factual Background and Procedural History

Petitioner in the above-captioned matter was sentenced on July 19, 2011 for an unrelated conviction, specifically Count Two—manufacture, deliver, or possess with intent to manufacture a controlled substance, at criminal docket number 258—2011, for violating 35 Pa. C.S.A. § 780-113(a)(3), an ungraded felony. This Court sentenced Petitioner to a split sentence, at which he was to undergo a term of incarceration of nine to twenty-four months, immediately followed by a three year probationary period. At criminal docket number 258—2011, Petitioner was paroled on January 10, 2012, with a maximum expiration date of April 23, 2013. That term of incarceration was to be followed by his three year probationary tail, which had a maximum date of April 23, 2016.

On September 8, 2011, Petitioner entered into a negotiated guilty plea in which he pled guilty to Count One—theft by unlawful taking at the above-captioned criminal docket, in

1

## Attachment A

violation of 18 Pa. C.S.A. § 3921(a), a third degree misdemeanor. On September 20, 2011, Petitioner was sentenced by this Court to twelve months' probation

Upon being charged with new criminal charges at docket number 384—2012, the Pennsylvania Board of Probation and Parole filed a Request for detainer at both dockets 258—2011 and 400—2011. Based upon the Petitioner's new criminal charges, the Commonwealth filed a Petition to revoke probation/parole on July 17, 2012. Having waived his Gagnon I hearing, the Petitioner appeared and was represented by counsel at a Gagnon II hearing held by this Court on October 25, 2012. As we found his adjudication of guilt to new criminal charges at 342—2012, together with admitting to the use of marijuana and alcohol while on supervision, to place Petitioner in material violation of the conditions of his probation and parole, we therefore revoked his probation and parole at docket numbers 258—2011 and 400—2011.

On November 30, 2012, Petitioner was resentenced at both 258—2011 and 400—2011. At 258—2011, Petitioner was resentenced to a term of incarceration of two-and-a-half to five years. At criminal docket number 400—2011, Petitioner was resentenced to one year of probation, to run consecutively to the term of incarceration at docket number 258—2011. Petitioner's sentence at 258—2011 carried a maximum date of March 19, 2017, however, Petitioner was paroled to a halfway house on March 7, 2014.

While still at the halfway house in Allegheny County serving out his parole at docket number 258—2011, Petitioner fled and was subsequently charged at docket number 5359—2015 with felony three escape, in violation of 18 Pa. C.S.A. § 5121(a). Petitioner pled guilty in Allegheny County on December 2, 2015, and was sentenced the same day. As a result, Petitioner's parole at 258—2011 was revoked, and he was recommitted to serve out the rest of his term of incarceration originally imposed.

2

On March 19, 2017, Petitioner began serving his one year probationary sentence at docket number 400—2011. On November 3rd of the same year, the Pennsylvania Department of Probation and Parole filed a Request for detainer at 400—2011, alleging that Petitioner was the subject of new criminal charges being filed in Jefferson County. As such, this Court ordered a detainer be placed on the Petitioner on November 6, 2017. Based upon his new criminal charges in Jefferson County, on November 14, 2017, the Commonwealth filed a Petition to revoke Petitioner's probation at 400—2011.

A week later on November 21st, Petitioner appeared and was represented by counsel at his Gagnon I hearing. At that hearing, upon Petitioner's request, the Court withheld scheduling his Gagnon II hearing pending the disposition of his Jefferson County charges. On March 13, 2018, the Commonwealth filed a Motion to schedule a Gagnon II hearing. In said motion, Assistant District Attorney Brenda Servidio states the following:

> AND NOW, this 13 day of March 2018, Counsel for the Commonwealth, Brenda Servidio, Esq., requests the Court to schedule Gagnon II on March 16, 2018 at 1:30 p.m. for the above captioned case for the reason that a hearing on offender's Motion to lift detainer is schedule for that time so its judicially economical to do so. More importantly, the Commonwealth has discovered that the offender obtained a M2-Escape conviction December 2, 2015 which heretofore has been unaddressed. Please find attached conviction from Allegheny County at CR# 5339-2015.

Commonwealth's Motion to schedule Gagnon II, at unnumbered 1.

Thereafter, this Court held a Gagnon II hearing at docket number 400—2011 on March 19, 2018. At that hearing, Petitioner was present and represented by counsel. In open court, Petitioner specifically stipulated on the record to being convicted of escape at Allegheny County criminal docket number 5339—2015. As such, we specifically found Petitioner's new conviction to be a material violation of the terms of his probation at 400—2011, and we therefore revoked

his probation and scheduled him for resentencing on April 6, 2018. At his resentencing, Petitioner received a term of six to twelve months' incarceration.

On April 16, 2018, Petitioner filed a timely motion to reconsider and modify sentence, which was subsequently denied by this Court on April 18th. On May 4, 2018, Petitioner filed his notice of appeal with the Superior Court and thereafter received notice from this Court directing compliance with Pa. R.A.P. 1925. Petitioner filed his concise statement on May 25, 2018, in which he raises the following two issues:

1. [Petitioner] asserts that the sentence court erred or abused its discretion in that the court did revoke Mr. Huey's probation on the basis of a 2015 Escape conviction, the time period that the Commonwealth waited to charge the [Petitioner] with the probation violation for the Escape conviction was unreasonable thus violating his due process rights.
2. [Petitioner] asserts that he was already violated on CR 258-2011 for this Escape conviction by the state board as a convicted parole violator and served the balance of his parole sentence as his punishment, therefore revoking him again is unlawful.

Petitioner's concise statement, at unnumbered 1.

## Analysis

The Pennsylvania Rules of Criminal Procedure provide the following in regards to the timeframe in which a probation violation is to be addressed:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa. R.C.P. 708. As explained succinctly by our superior court,

4

> [t]he language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay.

*Commonwealth v. Christmas*, 995 A.2d 1259, 1262-63 (Pa. Super. Ct. 2010) (internal citations omitted). In deciding whether or not the delay is reasonable, "the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." *Id.* at 1263. "The measure of delay extends from the defendant's date of conviction or entry of a guilty plea on the new charges to the date the court holds the revocation hearing." *Id.* (internal citations omitted). Moreover, the superior court "has previously held delays of fifteen months, two years, and four years are not 'intrinsically reasonable.'" *Id.*

In examining whether a delay is reasonable, a court should look at "the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." *Id.* (internal citations omitted). "[A] court should not attribute to the Commonwealth delays caused by the defendant." *Christmas*, 995 A.2d at 1236 (internal citations omitted). Specifically, the superior court has held that, "where an appellant successfully **conceals the violation** or evades arrest, then any consequent delay will be attributed to the appellant, and certain delays incident to the scheduling of revocation hearings are reasonable." *Commonwealth v. Bischof*, 616 A.2d 6, 8 (Pa. Super. Ct. 1992) (internal citations omitted) (emphasis added).

As to the third prong of the analysis, "[t]o demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him." *Christmas*, 995 A.2d at 1263 (internal citations omitted).

The *Christmas* court further explained their definition of prejudice for use in the realm of

revocation proceedings:

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restrain of personal liberty. If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. Likewise, **where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP hearing prejudiced him because he lost favorable witnesses and evidence.**

*Id.* (internal citations omitted) (emphasis added).

Here, the delay in bringing Petitioner's probation revocation spanned from his escape

conviction in Allegheny County on December 2, 2015, to the date of his revocation hearing at

docket number 400—2011, held on March 16, 2018. Therefore, Petitioner's revocation

effectively took over two years to be heard. In analyzing the reason for the delay, we would aver

that Petitioner holds sole responsibility.

As noted by Pennsylvania case law, Petitioner is directly responsible for the delay in his

revocation proceedings because he successfully concealed his 2015 conviction in Allegheny

County from the Venango County District Attorney's Office until March of 2018. Therefore, we

opine that it was by no fault of the Commonwealth that his revocation hearing took so long to

occur. As Attorney Servidio credibly reported to this Court that her office was not aware of his

new conviction prior to March 13, 2018, we therefore find that Petitioner holds sole

responsibility for the delay in his revocation proceedings.

We would further argue that Petitioner has not carried his burden in alleging and proving

that, as a result of the time lapse between his new criminal conviction and his revocation hearing,

6

Petitioner was the subject of unfair prejudice caused by the delay. Firstly, during the time his probation remained unrevoked, Petitioner was either in jail serving another sentence, or not in the custody of the Commonwealth. Therefore, Petitioner cannot claim that he suffered any loss of personal liberty because of the delay in his revocation proceedings, as he was never placed in jail for any significant period of time awaiting his revocation hearing. Moreover, Petitioner also cannot claim that that a delay in his revocation proceedings prejudiced him with regards to the inability to produce witnesses and evidence tending to show that he did not materially violate his probation, because a new criminal conviction, which Petitioner specifically stipulated to, has been held to conclusively establish a probation violation. This Court is therefore of the opinion that Petitioner has failed to prove any actual prejudice he sustained as a result of the delay in his revocation proceedings.

We therefore conclude that even though Petitioner waited more than two years for his probation to be revoked for his 2015 conviction in Allegheny County, his successful concealment of the conviction was the sole cause for the delay, and he has also failed to offer or prove any prejudice suffered as a result of the delay.

The Pennsylvania Supreme Court has provided an analysis of the contrasting sentencing alternatives available to a trial court in proceedings following the revocation of a defendant's probation, versus the revocation of his or her parole:

> [A] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. 42 Pa.C.S. § 9771(b) ("Upon revocation of probation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation."). In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment, from which the prisoner could be reparoled.

7

*Commonwealth v. Holmes*, 933 A.2d 57, 74, n. 5 (Pa. 2007). In this realm, we find that the superior court's analysis in *Commonwealth v. Ware* directs our analysis of the instant appeal. In *Ware*, a Lancaster County trial court was tasked with determining whether a trial court's imposition of a sentence that included the revocation of both the defendant's parole and probation, was legal. 737 A.2d 251, 252 (Pa. Super. Ct. 1999). The defendant in *Ware* initially entered into a guilty plea and received a split sentence of eight to twenty-three months incarceration, with credit for time previously served. *Id.* This was to be followed by a consecutive two-year probationary tail. *Id.* Defendant was released from jail approximately two weeks after her sentencing. *Id.*

About six weeks later, the defendant in *Ware* committed a retail theft in another county and received a term of imprisonment. *Id.* When the district attorney in Lancaster County was alerted to defendant's subsequent foreign conviction, a probation and parole violation hearing was held, at which the trial court ultimately revoked both the defendant's probation and her parole, while imposing a new sentence of thirty-two-and-a-half to seventy-four-and-a-half months' incarceration. *Id.*

In addressing the defendant's appeal of her sentencing, the superior court undertook the following discussion:

> [an] order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that – a recommittal and not a sentence. Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail....." *See Commonwealth v. Fair*, 497 A.2d 643, 645 (1985), *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and a maximum.

8

*Id.* at 253 (internal citations omitted) (parallel citations omitted). However, the court in *Ware* continued, explaining that the facts in that case involved not only a parole revocation, but the revocation of defendant's probation as well. In doing so, they stated as follows:

> the court had the authority to revoke appellant's probation despite the fact that, at the time of revocation of probation, appellant had not yet begun to serve the probationary portion of her split sentence and even though the offense upon which the revocation of probation was based occurred during the parole period and not the probationary period . . . The fact that appellant ha[s] not commenced serving probation when the new offense occurred [does] not prevent the court from revoking its prior order placing appellant on probation . . . If at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of a crime, and the expressed intent of the court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v United States*, 53 S.Ct. 154, 156 (1932) . . . Further, this court has previously agreed that a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted. Otherwise, having been granted probation a defendant could commit criminal acts with impunity – as far as revocation of probation is concerned – until he commenced actual service of the probationary period.

*Id.* at 253-54. (internal citations omitted) (parallel citations omitted). In concluding the trial court's revocation of both the defendant's probation and parole was legal, the superior court in *Ware* stated, "it is clear that the [trial] court in the instant matter had the proper authority to revoke not only [the defendant's] probation, but also to revoke the [defendant's] probation. *Id.* at 254. The court continued, "[m]oreover, once the court revoked probation, it had the same sentencing options available that existed at the time of the original sentencing." *Id.* Consequently, because the defendant's probation and parole revocation sentences did not exceed the statutory maximum penalty that the trial court could have imposed at the original sentencing, the superior court therefore held the sentence was legal. *Id.*

9

Based upon Pennsylvania law, this Court opines that Petitioner's revocations, including both his parole at 258—2011 and his probation at 400—2011, were legal based upon his 2015 conviction of escape in Allegheny County. As we found the escape conviction to be a material violation of Petitioner's parole at docket number 258—2011, we were well-within our authority as the original sentencing court to revoke his parole and recommit him to the custody of the Department of Corrections to serve out the balance of his original sentence at that criminal docket.

As evidenced by the case law cited immediately above, even though Petitioner had yet to begin his term of probation at docket number 400—2011 when he was convicted of escape in Allegheny County, we were still within our authority as the original sentencing court to revoke his probation at that docket. Moreover, we correctly found that Petitioner's stipulated-to 2015 conviction was a material violation to the terms of his probation, and we therefore correctly revoked his probation pending resentencing. At resentencing, we possessed the same sentencing options as we did when we originally sentenced the Petitioner in 2011. Because we possessed all of those options previously available, we correctly and legally resentenced Petitioner to a term of six to twelve months' incarceration.

As the combined terms of incarceration at both Petitioner's parole and probation revocations do not accumulate to a sentence beyond the statutory maximums prescribed by law for either offense, the sentences given to Petitioner were legal and therefore all appellate issues raised by Petitioner are meritless.

10

*Conclusion*

For the aforementioned reasons, the Court respectfully requests the Superior Court dismiss Petitioner's appeal in the above-captioned matter.

BY THE COURT,

Robert L. Boyer, J.

cc:     Brenda Servidio, Esq. (DA)
        Jeri Bolton, Esq. (PD)
        ⁄ LCW

11