J-A27012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BRYANT | : | |
| | : | |
| Appellant | : | No. 169 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007586-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BRYANT | : | |
| | : | |
| Appellant | : | No. 170 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001272-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BRYANT | : | |
| | : | |
| Appellant | : | No. 171 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000243-2024

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 6, 2026**

Christopher Bryant appeals from the aggregate sentence of twenty-three to forty-six months in prison imposed after he was found to be in violation of the conditions of his parole. We vacate and remand for proceedings consistent with this memorandum.

Based on our disposition, we only briefly reiterate the salient background. This matter arises from sentences initially imposed by the trial court in three separate cases. At Docket No. 7586-2013 ("Matter 1"), Appellant was sentenced on February 25, 2014, to eleven and one-half to twenty-three months in prison, followed by five years of probation, after he pled guilty to possession of drugs with intent to distribute ("PWID"). While on probationary supervision for that offense, Appellant entered a guilty plea to another charge of PWID on December 23, 2019, at Docket No. 1272-2019 ("Matter 2"). As a result, the court continued Appellant's supervision at Matter 1 and sentenced him to eleven and one-half to twenty-three months in prison, followed by five years of probation, in Matter 2.

Finally, pertinent here, at Docket No. 243-2024 ("Matter 3"), Appellant pled guilty to one count of retail theft on May 24, 2024. At that time, he was serving the probationary tails in both Matter 1 and Matter 2. Consequently, the court revoked Appellant's probation in those matters and imposed new, identical sentences of eleven and one-half to twenty-three months in prison, followed by one year of probation, in each of the three cases. Critically, the court specified in its orders that the sentences in Matters 1 and 2 were each

to run concurrently with the Matter 3 sentence. Appellant was immediately paroled to a treatment facility.[1]

On December 12, 2024, Appellant was found to be in violation of the terms of parole. Accordingly, the court revoked parole and ordered Appellant to serve his back-time in each of the three cases. However, the court indicated that the recommitment in Matter 2 would run consecutively to Matter 1, effectively doubling his jail sentence. Appellant filed a motion for reconsideration, which the trial court denied without a hearing.

Appellant timely appealed in each case.[2] The court ordered him to submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he complied.[3] The court thereafter authored an opinion pursuant to Rule 1925(a), defending its decision to recommit Appellant as it did.

Appellant presents a single question for our review: "Did the lower court illegally modify Appellant's sentence when, after revoking parole on three

_____

[1] The procedural history of these cases is, in fact, significantly more complicated and extensive than outlined here. Particularly, the docket reveals numerous additional probation violations that are not pertinent to this appeal. The trial court poignantly outlined that background in its opinion authored pursuant to Pa.R.A.P. 1925(a). **See** Trial Court Opinion, 3/10/25, at 2-4.

[2] We consolidated the appeals upon the application of Appellant.

[3] We remind the trial court that all Rule 1925(b) orders must provide "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) **shall** be deemed waived." Pa.R.A.P. 1925(b)(3)(iv) (emphasis added).

concurrent county prison sentences, it ordered two of those sentences to be served consecutively to each other?" Appellant's brief at 2.

We begin with the legal tenets pertinent to our review. Since Appellant asserts a challenge to the trial court's authority relating to imposition of imprisonment, this presents an attack on the legality of the sentence. *See Commonwealth v. Martinez*, 141 A.3d 485, 487 (Pa.Super. 2016) ("A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." (citation omitted)). "A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Whalley*, 326 A.2d 948, 950 (Pa.Super. 2024) (citation omitted).

With respect to a court's ability to adjust previously-imposed judgments of sentence, we have stated as follows: "Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Melvin*, 103 A.3d 1, 57 (Pa.Super. 2014) (citation omitted).

Furthermore, there is "longstanding precedent that a parole violator cannot be sentenced to a new sentence[,] but instead can only be recommitted to the remainder of the original sentence." *Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa.Super. 2007) (citation omitted). As such, "a court itself cannot 'extend' a parolee's sentence beyond the original sentence,

- 4 -

*i.e.,* lengthen the period of possible incarceration." ***Commonwealth v. Stafford***, 29 A.3d 800, 804 (Pa.Super. 2011) (citation omitted). In this vein, we have held that "the fact that the appellant's initial sentences were to be served 'concurrently' preclude[s] the court, upon revocation of parole, to require that the sentences for the same offenses be served 'consecutively.'" ***Commonwealth v. Sharpe***, 665 A.2d 1194, 1197 (Pa.Super. 1995) (discussing ***Commonwealth v. Bischof***, 616 A.2d 6 (Pa.Super. 1992)).

On appeal, Appellant argues that the trial court illegally "changed [his] original sentence[s], and did so long after such a modification was permitted. The new sentence[s are] therefore illegal, and must be vacated." Appellant's brief at 6. As to this assertion, he primarily relies on this Court's decision in ***Bischof***. ***Id***. at 6-9. We previously summarized the ***Bischof*** case thusly:

> In ***Bischof***, following a negotiated plea of guilty to two burglaries, the appellant was sentenced to two concurrent terms of time served to [twenty-three] months imprisonment. He was subsequently paroled and later committed a parole violation. At the parole violation hearing, the court directed that the appellant serve the back time for each sentence consecutively, despite the fact that the two sentences were initially imposed concurrently as part of a negotiated plea agreement. We reversed on appeal. We noted that, generally, the courts have jurisdiction to modify sentences only in the first [thirty] days after imposition and that to change sentences that were originally made to run concurrently to consecutive sentences more than thirty days after imposition, is an illegal modification of sentence which constitutes further or double jeopardy.

***Commonwealth v. Ortiz***, 745 A.2d 662, 665 (Pa.Super. 2000) (citation omitted). Appellant compares ***Bischof*** to the instant matter, noting that despite the court imposing identical and concurrent sentences in all three

cases on May 24, 2024, the court improperly later recommitted him to serve his back time in Matter 2 consecutive to Matter 1.[4]  *See* Appellant's brief at 6-7.

The trial court found that *Bischof* did not apply here because "Appellant in all three matters entered into a non-negotiated guilty plea.  None of the three matters were [*sic*] ordered to run concurrent or consecutive to each other at the time of each original sentencing."  Trial Court Opinion, 3/10/25, at 5.  It additionally determined that "Appellant should have had no expectation that the [recommitments upon violation of parole] were to run concurrently, as the court never explicitly ordered the matters to run concurrently."  *Id*.  Thus, it determined that it neither modified Appellant's sentence nor acted without authority.

Upon review of the applicable law and the certified record, we find that the trial court erred in ordering Appellant to serve back time in all three cases and directing that the recommitment at Matter 2 be consecutive to the other sentences.  As Appellant contends, this plainly runs contrary to *Bischof*, wherein we explicitly stated that "after making the determination that the parole granted on two specific sentences had been violated, the trial court only ha[s] authority to recommit Appellant to serve out the balance of the

_____

[4] For its part, the Commonwealth likewise opines that Appellant is entitled to relief, though its analysis differs somewhat.  *See* Commonwealth's brief at 7 (averring that the court had the legal authority to recommit Appellant as it did, but that under the unique facts of this case, it would be unable to enforce the sentence since the recommitment in Matter 2 could not be both concurrent and consecutive to the back time in Matter 3).

terms from which he had been paroled, which terms were to run concurrently." ***Bischof***, 616 A.2d at 9-10. It is undisputed that on May 24, 2024, the court imposed identical sentences in all three cases and specifically indicated that the sentences in Matters 1 and 2 each run concurrently with Matter 3. The logical extension is that this made all three sentences concurrent, since it is impossible that Matter 2 could be consecutive to Matter 1, which itself was concurrent to Matter 3. Yet through its revocation orders, the trial court improperly extended Appellant's jail term "beyond the original sentence, *i.e.,* [by lengthening] the period of possible incarceration." ***Stafford***, 29 A.3d at 804.

Furthermore, we reject the court's attempt to differentiate ***Bischof*** because it entailed two sentences imposed pursuant to a single plea agreement. While that may be true, it is a distinction without a difference. Once the court sentenced Appellant in all three matters in May 2024, and ran the judgments concurrently, it created under the law a mandate of concurrent recommitments in the event of a parole violation. ***See Sharpe***, 665 A.2d at 1197. For all intents and purposes, the new sentences imposed in Matters 1 and 2 at that time became controlling, regardless of what the trial court previously imposed in those cases. ***See***, ***e.g.***, ***Commonwealth v. Wilson***, 934 A.2d 1191, 1196 (Pa. 2007) (noting that once a sentence is vacated and a new one imposed, the original is a "legal nullity"). Stated another way, the mere fact that Appellant was originally sentenced in each of the matters at different times does not take this case outside the purview of ***Bischof***.

Based on the above, we agree with both Appellant and the Commonwealth that the judgments of sentence must be vacated and the cases remanded. On remand, we direct the trial court to enter new orders specifying that Appellant's recommitment of back time in each case is to run concurrently with one another.

Judgments of sentence vacated. Cases remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2026