**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lynell CHRISTMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 2010.
Filed May 26, 2010.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., GANTMAN, and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Lynell Christmas, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following revocation of his probation. We affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. On July 29, 2003, Appellant was arrested for carrying a firearm without a license in Philadelphia. On July 15, 2004, Appellant pled guilty to two violations of the Uniform Firearms Act ("UFA").[1] The court sentenced Appellant to forty-eight (48) months of probation.

¶ 3 On July 19, 2005, Appellant was arrested for third degree murder and other offenses. On July 27, 2005, the probation department initiated violation of probation ("VOP") proceedings. From July 27, 2005 to April 21, 2006, the probation department continued Appellant's VOP hearing, pending resolution of the new criminal charges. After April 2006, the probation department lost track of Appellant's case and the revocation hearing was not rescheduled.

¶ 4 On April 12, 2007, Appellant pled guilty to third degree murder and possession of a firearm without a license. The court sentenced Appellant on these new convictions to an aggregate of twenty-two and one-half (22½) to forty-five (45) years of incarceration.

¶ 5 On November 12, 2008, the probation department reinitiated the VOP process. On December 23, 2008, the court held a revocation hearing. On February 20, 2009, the court found Appellant's new convictions violated his probation imposed on the 2004 UFA convictions. The court revoked Appellant's probation and imposed a total sentence of six (6) to twelve (12) years of incarceration, to run consecutive

1. 18 Pa.C.S.A. § 6106(a)(1); 18 Pa.C.S.A. § 6108.

to the sentence imposed on Appellant's new murder and firearm convictions.

¶ 6 On February 26, 2009, Appellant filed a motion to vacate and reconsider the sentence following revocation. On March 3, 2009, the court denied the motion. On March 20, 2009, Appellant timely filed a notice of appeal. On April 14, 2009, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on April 20, 2009.

¶ 7 Appellant raises one issue for our review:

> DID NOT THE [TRIAL] COURT VIOLATE THE MANDATE OF PA. R.CRIM.P. 708, THAT A PROBATION REVOCATION HEARING BE HELD "AS SPEEDILY AS POSSIBLE," INASMUCH AS APPELLANT'S REVOCATION HEARING WAS NOT LISTED OR HELD UNTIL MORE THAN TWENTY MONTHS AFTER APPELLANT'S CONVICTION ON NEW CRIMINAL CHARGES?

(Appellant's Brief at 3).

¶ 8 Appellant argues the Commonwealth violated Rule 708 because the court did not hold his VOP hearing until twenty (20) months after his guilty plea to the new charges. Appellant asserts the Commonwealth had a duty to act diligently in prosecuting his probation violation. Appellant contends the Commonwealth violated this duty and should be penalized for the delay in holding the revocation hearing, because it cannot provide an adequate explanation for the excessive delay. Appellant contends the delay prejudiced him because "a certain degree of prejudice follows from the mere fact that the [VOP] hearing occurs after the expiration of supervision." (*Id.* at 10). Additionally, Appellant maintains the twenty-month delay was so long it essentially constituted a *per se* violation of Rule 708. Appellant submits the court

should have dismissed the probation violation where Appellant did not cause the delay and the delay prejudiced him. Appellant concludes this Court should vacate the judgment of sentence. For the following reasons, we cannot agree.

 ¶ 9 Preliminarily, we observe issues not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (citing *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)).

 ¶ 10 Pennsylvania Rule of Criminal Procedure 708 provides, in relevant part:

> **Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**
>
> * * *
>
> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
>> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>>
>> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.
>
> * * *

Pa.R.Crim.P. 708.

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case

and whether the appellant was prejudiced by the delay.

\* \* \*

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.

*Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa.Super.2009) (quoting *Commonwealth v. Clark*, 847 A.2d 122, 123–24 (Pa.Super.2004)).

 ¶ 11 The measure of delay extends from the defendant's date of conviction or entry of a guilty plea on the new charges to the date the court holds the revocation hearing. *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6, 8 (1992). This Court has previously held delays of fifteen months, two years, and four years are not "intrinsically reasonable." *Woods, supra* at 1228; *Clark, supra* at 124; *Bischof, supra.*

 ¶ 12 When examining the reasons for the delay, the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing. *Clark, supra* at 124. The court should not fault the Commonwealth for delays resulting from the Department of Corrections' inability to find, transport, or house defendants in their custody. *Id.* at 125. Similarly, a court should not attribute to the Commonwealth delays caused by the defendant. *Commonwealth v. Gaus*, 300 Pa.Super. 372, 446 A.2d 661, 663–64 (1982) (holding only two months of four year and eight month delay attributable to Commonwealth where defendant fled and concealed his whereabouts for four years and six months). Nonetheless, where the Commonwealth provides no explanation for the delay, the court should not attribute the delay to the defendant;

instead, the court should analyze whether the delay prejudiced the defendant. *Woods, supra.*

 ¶ 13 To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him. *Woods, supra* at 1229; *Clark, supra* at 125; *Bischof, supra* at 9. There is no *per se* rule of prejudice for technical violations of the Rules of Criminal Procedure. *Commonwealth v. Marchesano*, 519 Pa. 1, 7–8, 544 A.2d 1333, 1336–37 (1988) (holding defendant cannot establish prejudice merely by alleging court held probation revocation hearing after defendant's period of probation expired). "[T]he controlling consideration at a revocation hearing is whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed." *Id.* at 6–7, 544 A.2d at 1336.

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty.

*Id.* at 7, 544 A.2d at 1336. If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. *Clark, supra; Bischof, supra* at 9. Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP

hearing prejudiced him because he lost favorable witnesses and evidence. *Bischof, supra.*

¶ 14 Instantly, in his Rule 1925(b) statement, Appellant claimed the twenty-month delay between his new convictions and the VOP hearing violated his "due process" rights; but he made no mention of Rule 708. In his statement of issues presented on appeal, however, Appellant claims the delay violated Rule 708; but he makes no mention of "due process" rights. As Appellant did not allege a violation of his Rule 708 right to a speedy VOP hearing in his Rule 1925(b) statement, Appellant's issue as presented on appeal is arguably waived. *See Castillo, supra.*

¶ 15 Moreover, on April 12, 2007, Appellant pled guilty to third degree murder and possession of a firearm without a license, and was sentenced to twenty-two and one-half (22½) to forty-five (45) years of incarceration. Appellant's new convictions constituted conclusive violations of probation. Twenty months after the new convictions, the court held Appellant's VOP hearing on December 23, 2008, and revoked Appellant's probation because of the new convictions. For the twenty months between his guilty plea and VOP hearing, Appellant was incarcerated as a result of his new convictions.

 ¶ 16 The twenty-month delay between Appellant's new convictions and his probation violation hearing was not intrinsically reasonable. *See Woods, supra; Clark, supra.* Moreover, the Commonwealth provided no meaningful explanation for the delay; and the delay cannot be attributed in whole or in part to Appellant, because Appellant was in the Commonwealth's custody for the duration of the delay. *See Woods, supra; Bischof, supra.*

 ¶ 17 Nevertheless, as Appellant was already incarcerated for the en-

tire twenty months on his new convictions, he suffered no prejudice arising from a loss of personal liberty during the delay. *See Clark, supra; Bischof, supra.* Likewise, Appellant's guilty plea to third degree murder and possession of a firearm conclusively established his probation violations. Thus, Appellant suffered no prejudice from the delay due to the loss of favorable witnesses or evidence. *See Bischof, supra.* Finally, Appellant cannot establish the necessary prejudice by merely alleging the court held his probation revocation hearing after the expiration of his probationary period. *See Marchesano, supra.* As such, Appellant failed to show he suffered prejudice because of the delay in holding his VOP hearing. Accordingly, we affirm the judgment of sentence imposed following revocation of his probation.

¶ 18 Judgment of sentence affirmed.