J-S17026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAMONA JENNINGS | |
| Appellant | No. 1022 EDA 2016 |

Appeal from the Judgment Entered March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-1207761-2004; CP-51-CR-0301031-2005

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                   **FILED MAY 26, 2017**

Appellant, Ramona Jennings, appeals from the March 4, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following a probation revocation hearing.  Upon review we affirm.

The trial court summarized the procedural and factual history of the matter as follows.

> On June 30, 2005, [Appellant] pled guilty to two counts of possession with intent to deliver a controlled substance (PWID) and one count of conspiracy.  On the same day, [the trial court] sentenced [Appellant] to a negotiated sentence of 11 ½ to 23 months county incarceration plus 1 year probation with immediate parole to New Directions when a bed was available.  [Appellant] subsequently absconded from New Directions and failed to report to the Probation Department.  On October 14, 2005, wanted cards were issued based on [Appellant's] failure to report.

On July 7, 2007, [Appellant] was arrested under the name "Ramona Jones" in Montgomery County. On May 20, 2009, [Appellant] was convicted of simple assault before the Honorable William T. Nichols and sentenced to 2 years probation. On November 17, 2009, [Appellant's] supervision was transferred from Montgomery County authorities to the Philadelphia Probation Department. [Appellant] subsequently reported nine times to the Philadelphia Probation Department from January 2010 through May 2011, when her probation was terminated.

On November 1, 2015, [Appellant] was arrested on her outstanding warrant from 2005 under the name Ramona Jennings. On December 15, 2015, [Appellant] appeared before [the trial court] for a violation of probation hearing. [Appellant] was represented at the hearing by Alexandra Lipsky, Esquire, and the attorney for the Commonwealth was Alisa Shiver, Esquire. Ms. Lipsky conceded at the hearing that [Appellant] was in technical violation of her probation/parole based on her absconding and sentenced was deferred to February 12, 2016[,] so that a Pre-Sentence Investigation Report could be completed. On February 9, 2016, the Pre-Sentence Investigation Report was completed and brought to light [Appellant's] prior arrest and conviction in Montgomery County for the first time. [Appellant's] sentencing hearing was subsequently continued to allow the assigned Probation Officer to be present.

On March 4, 2016, [the trial court] held a violation of probation hearing. [Appellant] was represented at the hearing by Randi Fensterer, Esquire, while the attorney for the Commonwealth was Whitney Golden, Esquire. After [the trial court] reviewed [Appellant's] procedural history, the assigned Probation Officer, Peter Davis ("Davis"), testified that on November 17, 2009, the out-of-county division of the Adult Probation and Parole Department was assigned a case from Montgomery County under the name of "Ramona Jones" with no Philadelphia police photo number. Davis further testified that [Appellant] reported consistently from January 2010 through May 2011 and was admitted to Southwest New Stop in December 2010. Davis stated that [Appellant] was drug-tested once per week and all of her tests came back clean. Davis further stated that [Appellant] was working at the Radisson in Valley Forge. Davis testified that when Montgomery County transferred the case to Philadelphia, they never noted that [Appellant] had an outstanding warrant from Philadelphia and

she was supervised under a different name without her assigned Probation Officer knowing that she had a warrant.

Ms. Fensterer, on behalf of [Appellant], stated that [Appellant's] 2007 arrest derived from an incident where [Appellant] was brought to Lankenau Hospital while she was having a seizure and struck a hospital employee. Ms. Fensterer further stated that drug paraphernalia was recovered from [Appellant's] person when she was arrested and the hospital assumed [Appellant's] seizure was drug-related. Ms. Fensterer testified that [Appellant] had successfully addressed her drug problem during her probation, had gone to a drug treatment program and has submitted negative urinalyses. Ms. Fensterer further testified that [Appellant] had been working as a housekeeper since 2007 and sought work for All City Transportation, a bus company, in 2013. Ms. Fensterer stated that [Appellant] had to get fingerprinted and submit her information to the state to get clearance for that job and the Pennsylvania State Police reports showed her Philadelphia cases and the case from Montgomery County. Ms. Fensterer further stated that the cases were listed under the same CID and that the reports did not indicate that [Appellant] had an outstanding warrant.

Ms. Fensterer testified that [Appellant] continued to work for All City Transportation through 2015, until she had a seizure on her way to work and was subsequently picked up on the outstanding warrant. Ms. Fensterer further testified that [Appellant] had been waiting for the bus when she had her seizure and was transported to the hospital without her purse of any identification. Ms. Fensterer stated that [Appellant] was fingerprinted by the hospital and her warrant was discovered at that time.

Ms. Fensterer argued that there was a timeliness issue which needed to be addressed. Ms. Fensterer noted that there was a 6½ year delay from the date of [Appellant's] Montgomery County conviction to the instant hearing and argued that [Appellant] faced a loss of liberty as well as the loss of her job if she was incarcerated. Ms. Fensterer argued that [Appellant] had expected to be arrested on her warrant when she first reported to the Philadelphia Probation Department and, when they did not arrest her, she assumed that the warrant had expired. Ms. Fensterer argued that [Appellant] was not the same person as

- 3 -

she was in 2005 or 2007 and her successful completion of probation showed that she was amenable to probation. Ms. Fensterer recommended that [Appellant] receive a time-served sentence. Ms. Fensterer stated that [Appellant] had already served 4 months since being picked up on her warrant and would show that she would not be a further burden to [the trial court].

Ms. Golden, on behalf of the Commonwealth, deferred to [the trial court's] discretion. [Appellant] next spoke on her own behalf. [Appellant] apologized for absconding and stated that she had made a lot of bad decisions but was doing better. [Appellant] further stated that she had five children and five grandchildren in her life and that she wanted another chance to prove to [the trial court] that she was not going to be a problem again.

[The trial court] found [Appellant] to be in technical violation of her probation/parole, terminated parole and revoked probation. [The trial court] then sentenced [Appellant] to 11½ to 23 months county incarceration plus 5 years probation. In imposing this sentence, [the trial court] stated that the sentence was absolutely necessary to vindicate the authority of [the trial court] based on [Appellant's] 10-year period of absconding. [The trial court] further stated that [Appellant] knew that her case was still open and had numerous opportunities to turn herself in but failed to do so. [The trial court] noted that, during [Appellant's] period of absconding, the safe surrender program was in effect twice and [Appellant] could have surrendered herself then but chose not to.

On March [1]4, 2016,[1] [Appellant] filed a motion for reconsideration. On April 4, 2016, [Appellant], through counsel, filed a Notice of Appeal to the Superior Court. On May 20, 2016, after receiving the complete notes of testimony, [the trial court] ordered [Appellant] to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b) and [Appellant] did so on June 8, 2016.

---

[1] The trial court's opinion incorrectly lists the date Appellant filed her post-sentence motion. Appellant's motion was timely filed on March 14, 2016.

Trial Court Opinion, 6/17/16, at 1-5 (citations omitted). The trial court issued an opinion on June 17, 2016.

Appellant raises two issues on appeal, which we quote verbatim.

I.    Was not [A]ppellant denied her right to a speedy revocation hearing in violation of Pa.R.Crim.P. 708, when her hearing was delayed 6½ years after her conviction in the criminal case constituting a direct violation of her probation, and [A]ppellant was prejudiced by the delay?

II.   Did not the lower court err and abuse its discretion in imposing a manifestly unreasonable sentence where [A]ppellant had not incurred a new arrest or conviction since successfully completing probation on another matter in 2007 and [A]ppellant completed drug treatment and maintained gainful employment since 2009, and these facts did not establish sufficient conditions for imposing total confinement nor was the sentence essential to vindicate the authority of the [trial] court?

Appellant's Brief at 4.

Appellant's first challenge is whether she was denied her right to a speedy revocation hearing in violation of Pa.R.Crim.P. 708. Rule 708 provides in part that a probation revocation hearing must be "held as speedily as possible at which the defendant is present and represented by counsel." Pa.R.Crim.P. 708(B)(1). "In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." *Commonwealth v. Clark*, 847 A.2d 122, 123-24 (Pa. Super. 2004). "When examining the reasons for the delay, the court looks at circumstances surrounding the delay to determine whether the

- 5 -

Commonwealth acted with due diligence in scheduling the revocation hearing." **Commonwealth v. Christmas**, 995 A.2d 1259, 1263 (Pa. Super. 2010) (citing **Clark**, 847 A.2d at 124). Moreover, "a court should not attribute to the Commonwealth delays caused by the defendant." **Id.** (citing **Commonwealth v. Gaus**, 446 A.2d 661, 663-64 (Pa. Super. 1982) (holding only two months of four year and eight month delay attributable to the Commonwealth where defendant fled and concealed his whereabouts for four years and six months)).

In the matter *sub judice*, there was a six plus year delay between the direct violation of probation and Appellant's probation revocation hearing. However, the reasons for the delay are attributable to Appellant. It is undisputed that Appellant absconded from the trial court's supervision in Philadelphia in 2005. **See** Appellant's Brief at 11. A warrant was issued for Appellant's arrest on October 14, 2005. Moreover, it is undisputed that Appellant violated her probation in 2009 when she was convicted of simple assault in Montgomery County under her married name. Thus, Appellant concealed her whereabouts from the requisite authorities. **See generally Gaus**, 446 A.2d at 663-64. While Appellant's probation was transferred from Montgomery County to Philadelphia County, that alone does not attribute the delay onto the Commonwealth. The reason for the delay originated from Appellant's absconding from her original sentence in October 2005. Therefore, the delay between October 2005 and November 2015, is attributable to Appellant. **See Christmas**, 995 A.2d at 1263. The time

- 6 -

between her November 2015 arrest and the December 15, 2015 hearing is attributable to the Commonwealth; however, this minimal delay does not violate Appellant's speedy trial rights. **See** Pa.R.Crim.P. 708. Appellant's claim fails.

Even if this Court were to find the delay unreasonable, Appellant's argument fails because she fails to establish prejudice. "To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him." **Christmas**, 995 A.2d at 1263 (citations omitted).

> Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty.

**Id.** (quoting **Commonwealth v. Marchesano**, 544 A.2d 1333, 1336 (Pa. 1988)). Appellant claims she was prejudiced by the loss of her employment; however, Appellant fails to cite to any authority for the proposition that this would constitute prejudice under Pa.R.Crim.P. 708. Thus, Appellant's claim fails.

Next, Appellant challenges the discretionary aspects of sentencing of her probation violation.[2]  To challenge the discretionary aspects of sentencing, an appellant must raise "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." **Commonwealth v. Swope**, 123 A.3d 333, 338 (Pa. Super. 2015). Furthermore, such determination is made on a case-by-case basis. **Id.** (citing **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011)). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.**

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Solomon**, 151 A.3d 672, 677 (Pa. Super. 2016) (quoting **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014)

---

[2] In order to challenge the discretionary aspects of sentencing, an appellant must raise the issue in a post-sentence motion, file a timely appeal, include a Pa.R.A.P. 2119(f) statement in appellant's brief, and present a substantial question for review.  **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citing **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

(additional citations omitted)). Moreover, "following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question."

***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014). Furthermore,

> contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by [42 Pa.C.S.A. §] 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

***Id.*** at 27 (citations omitted). Thus, Appellant has failed to raise a substantial question. Even if Appellant raised a substantial question, her claim is meritless.

> At sentencing the trial court stated

> [t]his sentence is absolutely necessary [to] vindicate the authority of this Court. [Appellant] unfortunately thinks it is okay to be on the run for ten years and know that this case is open. There were numerous opportunities to turn herself into the court. The whole court system had a safe surrender program in operation. I think it went into effect twice and she should have surrendered herself and gotten this case behind her but she chose not to.

> This is 11 and a half to 23 sentence is essentially what she originally received but she got parole and house arrest. And there is no way to know what kind of conditions [Appellant] has because she is on the run so she will be tested. Her urine hasn't been tested in years. Although she claims she has been clean for three or four years, we have no way of knowing that because she has been on the run and hasn't been tested.

> So as I said, this sentence is absolutely necessary to vindicate the authority of [the trial court]. And if [Appellant]

apparently thinks that she should be awarded for staying on the run for ten years, and I'm not going to do that.

N.T. VOP Hearing, 3/4/16, at 15-16. Thus, the trial court adequately addressed the reasons for sentencing on the record.

Furthermore, Appellant's argument is centered on the trial court's purported failure to consider the sentencing factors pursuant to 42 Pa.C.S.A. § 9721(b). This argument is flawed as such factors do not apply in the context of a probation revocation. *See Pasture*, 107 A.3d at 27. The applicable statute is 42 Pa.C.S.A. § 9771, which provides that

> **(b) Revocation.--**The court may revoke an order of probation upon proof of the violation of specific conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771. Appellant's probation violation was a result of her conviction of another offense; thus it was within the trial court's authority to fashion a sentence of total confinement pursuant to § 9771(c)(1). Additionally, the trial court had the benefit of a presentence investigation

report, thus we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). Moreover, the trial court's revocation sentence was for an identical period to the originally imposed sentence. Thus, the trial court did not abuse its discretion when it imposed a sentence of 11 ½ to 23 months incarceration after revoking Appellant's parole. Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017