J. S84044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT JONES, | : | No. 2290 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 25, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000767-2010

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 08, 2019**

Robert Jones appeals from the June 25, 2018 judgment of sentence of 285 days' imprisonment imposed by the Court of Common Pleas of Delaware County following the revocation of his parole.  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On July 29, 2010 [appellant] entered a negotiated guilty plea to Resisting Arrest[1] and was sentenced to a maximum of 12 months['] incarceration.  On

---
[1] 18 Pa.C.S.A. § 5104.

April 27, 2012 [appellant] had a **Gagnon II**[2] hearing as the result of a new arrest. For that violation, he was sentenced to the maximum of his remaining original sentence of 330 days. [Appellant] was released again on parole. [Appellant] thereafter had a warrant issued on October 24, 2012 for non-reporting. During the time he was non-reporting, [appellant] was arrested in Philadelphia on new charges. A **Gagnon I** hearing was held on October 8, 2013 as a result of the new charges. [Appellant] was found in violation and released to deal with the new Philadelphia cases. A **Gagnon II** hearing was to be scheduled upon disposition of [appellant's] Philadelphia cases. Again, [appellant] stopped reporting and another warrant was issued on November 20, 2013. On May 30, 2018, [appellant] notified Delaware County Probation and Parole that he was serving a sentence for Rape[3] at SCI Huntingdon. Prior to receiving the May 30, 2018 letter from [appellant], Delaware County Probation and Parole had no knowledge of [appellant's] location. They believed [appellant] was a fugitive. [Appellant] is incarcerated in SCI Huntingdon under the name Robert Miller, not Robert Jones.

---

[2] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Unites States Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

[A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id.** at 781-782.

[3] 18 Pa.C.S.A. § 3121(a)(1).

Trial court opinion, 9/6/18 at 1-2 (emphasis added).

On June 25, 2018, the trial court conducted a ***Gagnon II*** hearing. During said hearing, appellant appeared via video conference because of his incarceration at SCI Huntingdon and informed the trial court that he has been in prison since December 7, 2013, and objected to the delay in conducting the hearing. (Notes of testimony, 6/25/18 at 6-8, 14.) Appellant's counsel informed the trial court that appellant claimed to have previously sent letters to the Delaware County Probation and Parole Office indicating that he was incarcerated since December 2013, but these letters do not appear in the certified record and appellant did not provide copies in his brief. (***Id.*** at 6.) At the conclusion of the hearing, appellant was found in violation of his parole and sentenced to his remaining back time of 285 days' imprisonment, concurrent with the sentence he is currently serving on the rape charge. (***Id.*** at 16.) Appellant also received credit for time-served from May 30, 2018, the date he notified the Delaware County Probation and Parole Office of his whereabouts. This timely appeal followed on July 23, 2018.[4]

Appellant contends that his judgment of sentence of 285 days' imprisonment should be vacated because the Commonwealth violated his right to a speedy revocation hearing, pursuant to Pennsylvania Rule of

---

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Criminal Procedure 708. (Appellant's brief at 5, 9-10.) For the following reasons, we disagree.

In an appeal from a sentence imposed following the revocation of probation, we review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). Rule 708 governs challenges to less-than-speedy revocation hearings and provides, in relevant part, as follows:

> **Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**
>
> . . . .
>
> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]

Pa.R.Crim.P. 708(B)(1).

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was

> prejudiced by the delay. The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.
>
> In evaluating the reasonableness of a delay, the court examines three factors: **the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.**

*Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa.Super. 2009) (emphasis added), citing *Commonwealth v. Clark*, 847 A.2d 122, 123-124 (Pa.Super. 2004).

We first consider the length of the delay. Our review of the record reflects that the trial court conducted a *Gagnon I* hearing on October 8, 2013, following appellant's arrest in Philadelphia on new charges while on parole. Appellant was found in violation and released, and his *Gagnon II* hearing was deferred until the disposition of his Philadelphia case. Thereafter, on November 20, 2013, the trial court issued a bench warrant for appellant after he failed to report. On June 25, 2018, the trial court ultimately conducted a revocation hearing after appellant notified the Delaware County Probation and Parole Board on May 30, 2018 that he was incarcerated at SCI Huntingdon under an alias, "Robert Miller." Thus, the delay involved a period of over 4 years. We recognize that this court has previously held that protracted delays of 15 months, 2 years, and 4 years are not "intrinsically reasonable." *See Commonwealth v. Christmas*, 995 A.2d 1259, 1263 (Pa.Super. 2010) (citations omitted), *appeal denied*, 53

- 5 -

A.3d 756 (Pa. 2012). Although we conclude that the length of the delay in holding appellant's probation-violation hearing was not intrinsically reasonable, the length of the delay is not the sole factor we must review. On the contrary, the second factor in the reasonableness analysis requires scrutiny of "the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." *Id.* (citation omitted); *see also Woods*, 965 A.2d at 1228.

Here, the record reflects that although a bench warrant was issued in November 2013, appellant could not be located, was believed to be a fugitive, and failed to report his whereabouts to the Delaware County Probation and Parole Department until May 30, 2018. Immediately upon discovery that appellant was incarcerated at SCI Huntingdon under a false name, the trial court promptly scheduled a violation hearing for June 2018. It is well settled that the Commonwealth should not be faulted for delays resulting from "the Department of Corrections' inability to find, transport, or house defendants in their custody." *Christmas*, 995 A.2d at 1263. In discussing the delay at issue, the trial court concluded that the Commonwealth offered a compelling explanation for the delay:

> [Appellant] was incarcerated at SCI Huntingdon under the name Robert Miller, not Robert Jones. Until [appellant] notified Delaware County Probation and Parole on May 30, 2018 that he was serving a sentence for Rape at SCI Huntingdon, they had no knowledge of his location. Although [appellant] was in the custody of the Commonwealth, he was there under a different name and made no attempt to

> inform the Delaware County Probation and Parole of his whereabouts. We can only conclude [appellant] chose to conceal his location during the time he was out of contact with Delaware County Probation and Parole.

Trial court opinion, 9/6/18 at 4-5 (citations omitted).

Based upon the foregoing, we find the evidence adduced at the revocation hearing revealed there were sufficient reasons for the delay, and any allegations that the Commonwealth was not diligent in scheduling appellant's revocation hearing lack merit.

Lastly, we examine whether appellant was prejudiced by the delay. The meaning of prejudice in the context of providing a prompt revocation hearing was defined by our supreme court in *Commonwealth v. Marchesano*, 544 A.2d 1333 (Pa. 1988), as follows:

> Prejudice in this context has been interpreted as being something, which could detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint on personal liberty.

*Id.* at 1336 (citations omitted).

"[W]here a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his [revocation] hearing prejudiced him because he lost favorable witnesses and evidence." *Christmas*, 995 A.2d at 1263-1264 (citation omitted). Here,

the loss of essential witnesses and evidence was not at issue at the revocation hearing, and we find that appellant was not prejudiced because the delay caused no restraint on his personal liberty as he was incarcerated at SCI Huntingdon on a rape conviction during the entire period at issue.

Based on the foregoing, we find no error on the part of the trial court in sentencing appellant for a county probation violation more than 4 years after his *Gagnon I* hearing, where appellant was incarcerated in state prison during the period immediately following said hearing under a false name. Accordingly, we affirm appellant's June 25, 2018 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/19