J-S69014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL BOSWELL, | : | |
| | : | |
| Appellant | : | No. 2402 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0807881-2004

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2020**

Appellant, Khalil Boswell, appeals from the judgment of sentence entered on July 12, 2018, in the Philadelphia County Court of Common Pleas following the revocation of his probation.  After review, we affirm.

In its opinion, the trial court provided the relevant facts and procedural history of this matter as follows:

> On October 21, 2004, [Appellant] entered into a negotiated guilty plea before this [c]ourt on the charges of possession with intent to deliver a controlled substance ("PWID"), and conspiracy to deliver narcotics.  This [c]ourt sentenced [Appellant] to 6 to 12 months incarceration plus 2 years reporting probation. [Appellant] was allowed to work after in-patient treatment and was released on house arrest after three months.
>
> On July 25, 2008, [Appellant] appeared before this [c]ourt for a Violation of Probation hearing.  This [c]ourt found [Appellant] in direct violation for obtaining a new conviction for escape.  This

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[c]ourt resentenced [Appellant] to 2½ to 5 years incarceration followed by 5 years reporting probation.

On February 5, 2013, [Appellant] was arrested for PWID, knowing and intentional possession of a controlled substance … , and conspiracy to commit PWID [at CP-51-CR-2946-2013]. On March 14, 2014, [Appellant] was found guilty in a bench trial before the Honorable Timika Lane … .

[Appellant] subsequently absconded and was on wanted cards. [Appellant] last reported to the Probation Department on March 4, 2014 and missed his next office visit on March 12, 2014. [Appellant] was not taken into custody until March 19, 2015. … On February 1, 2016, [Appellant] was sentenced by Judge Lane pursuant to the charges [at CP-51-CR-2946-2013].

On May 15, 2018, [Appellant] filed a Motion to Bar Probation Revocation of Probation, which this [c]ourt denied on June 12, 2018. [Appellant] claimed that he was on parole at the time that he incurred a new arrest for PWID in 2013, and his probation had not yet begun to run.

On July 12, 2018, a Violation of Probation Hearing was held by this [c]ourt. [Appellant] was represented by Elisa Downey-Zayas, Esquire and the Commonwealth was represented by Martin Howley, Esquire. The parties agreed that [Appellant] served 8 years, 7 months, and 13 days on this case. N.T. 7/12/2018, p. 8. There was no dispute that [Appellant] was in direct violation of probation. Id. at 8-9. Defense Counsel also agreed that [Appellant] was in technical violation of probation for being in absconding status from March 4, 2014 until he was arrested on March 19, 2015. Id. at 11.

Next, the parties made their sentencing recommendations to this [c]ourt. Defense Counsel recommended the [c]ourt sentence [Appellant] to 6 to 12 months incarceration to run concurrent with [the] sentence [imposed by] Judge Lane. Id. at 12. The Commonwealth recommended the [c]ourt sentence [Appellant] to incarceration to run consecutive to Judge Lane's sentence. He stated that a probationary sentence would be inappropriate given the escape conviction on [Appellant's] record and poor history on probation. "[N]othing the [c]ourt has done at this point has proved to sort of get [Appellant] back on the right track." Id. at 13. [Appellant] declined his right to allocution when

asked if he wanted to address the [c]ourt by stating, "No. It's all right." Id.

This [c]ourt found [Appellant] in direct and technical violation of probation, revoked probation, and resentenced [Appellant] to 18 to 36 months total, with each charge consecutive to each other and to run consecutive to Judge Lane's sentence. Id. at 13-14. This [c]ourt explained that this sentence was absolutely necessary to vindicate the authority of the [c]ourt. This [c]ourt explained the following:

> First of all, [Appellant is] in direct violation. Second, [Appellant] apparently absconded for an extended period of time, which results in a technical violation as well. This [c]ourt has attempted since 2004 to provide [Appellant] with the tools necessary to remain crime free, but actually, nothing has worked. Not even a prior state sentence worked.

Id. at 14.

On July 26, 2018, [Appellant] filed a Motion for Reconsideration of VOP Sentence. On August 8, 2018, without the [c]ourt issuing a decision on [Appellant's] Motion for Reconsideration, [Appellant] filed an appeal.[1] On January 11, 2019, upon notes of testimony being transcribed and posted to the [c]ourt Reporting System, this [c]ourt ordered that [Appellant] file a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b). [Appellant], through counsel, did so on January 28, 2019.

Trial Court Opinion, 3/4/19, at 2-4.

_____

[1] Appellant's July 26, 2018 motion for reconsideration was untimely; it was filed fourteen days after the judgment of sentence was entered. *See* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation [of probation] shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."). Despite the untimely filing of the post-sentence motion, Appellant filed a timely notice of appeal.

Before we reach the merits of Appellant's appeal, we note that there is a discrepancy between the sentence recorded in the notes of testimony and the written sentencing order. The trial court stated on the record, and reiterated in its opinion, that it imposed three sentences with an aggregate term of eighteen to thirty-six months of incarceration, N.T., 7/12/18, at 13-14; Trial Court Opinion, 3/4/19, at 3. However, the written sentencing order reflects that the trial court imposed only two sentences at the relevant trial court docket, Philadelphia County Court of Common Pleas Docket Number 807881-2004: first, a sentence for PWID, with a term of six to twelve months of incarceration; and a second sentence for conspiracy, with a sentence of six to twelve months of incarceration to be served consecutively to the sentence imposed for PWID. Order, 7/12/18. "It is axiomatic that if there is a conflict between the sentence imposed in open court versus that contained in the trial court's written order, the sentence in the written sentencing order controls." *Commonwealth v. Brooker*, 103 A.3d 325, 329 n.4 (Pa. Super. 2014) (citation omitted).

The confusion surrounding Appellant's aggregate sentence stems from the fact that when the trial court revoked probation and resentenced Appellant in the instant case, it also revoked probation and resentenced Appellant in a separate matter. N.T., 7/12/18, at 13-14. Specifically, at Philadelphia County Court of Common Pleas Docket Number 807881-2004, which underlies the instant appeal, the trial court imposed two aforementioned consecutive

sentences of six to twelve months of incarceration. *Id.* However, the trial court also imposed a consecutive term of six to twelve months of incarceration at Philadelphia Municipal Court Docket Number 437581-2002 for a separate charge of PWID. *Id.*

This discrepancy does not impact our analysis. For purposes of our discussion, we are concerned only with the two consecutive sentences of six to twelve months of incarceration imposed at Philadelphia County Court of Common Pleas Docket Number 807881-2004 for PWID and conspiracy. The sentence imposed for PWID at Philadelphia Municipal Court Docket Number 437581-2002, was appealed at a separate Superior Court Docket Number, 3530 EDA 2018, and it is not relevant to this appeal.

On appeal, Appellant presents the following issue for this Court's consideration:

> Was not [Appellant] denied his right to a speedy probation revocation hearing in violation of Pa.R.Crim.P. 708, when his hearing was unreasonably delayed for more than 2 years and 5 months after a direct violation of his probation and he was substantially prejudiced by the delay?

Appellant's Brief at 3.

Rule 708 provides, *inter alia*, that a probation revocation hearing must be "held as speedily as possible." Pa.R.Crim.P. 708(B)(1). "The language 'speedily as possible' has been interpreted to require a hearing within a reasonable time." *Commonwealth v. Clark*, 847 A.2d 122, 123 (Pa. Super. 2004) (citation omitted). Nevertheless, Rule 708 does not establish a

- 5 -

presumptive period in which the Commonwealth must revoke probation. *Id.* at 123-124. This Court has held that protracted delays of fifteen months, two years, or four years are not "intrinsically reasonable." ***Commonwealth v. Christmas***, 995 A.2d 1259, 1263 (Pa. Super. 2010) (citations omitted). However, the issue is ultimately whether the delay was reasonable under the circumstances of the specific case and whether the defendant was prejudiced by the delay. ***Clark***, 847 A.2d at 123-124 (citation omitted). "Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." *Id.* at 125.

"In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." ***Clark***, 847 A.2d at 124 (citation omitted). Additionally, "the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." ***Christmas***, 995 A.2d at 1263 (citing ***Clark***, 847 A.2d at 124). "If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty." *Id.* (citations omitted). "Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant

cannot claim a delay in his [violation of probation] hearing prejudiced him because he lost favorable witnesses and evidence." *Id.* (citations omitted).

The trial court addressed this issue as follows:

[Appellant] claims that "there was a delay of at least 15 months with no reasonable excuse and [he] was prejudiced by the delay." [Appellant's Pa.R.A.P.] 1925(b) [Statement, 1/28/19, at 2]. [Appellant] is correct that there was delay in scheduling this hearing, however, [Appellant] does not explain how he was prejudiced. On February 1, 2016, [Appellant] was sentenced on the charges of PWID, [possession of a controlled substance], and conspiracy to commit PWID before Judge Lane. The Philadelphia Probation Department did not request a Violation of Probation Hearing until May of 2017. [Appellant] was incarcerated during this time and was scheduled to be released on probation on March 19, 2018. There has been no loss of essential witnesses or evidence because [Appellant] obtained a direct violation of probation proven in a court of law. Christmas, 995 A.2d at 1264. [Appellant] has not suffered a loss of personal liberty as he was serving Judge Lane's sentence. Where no prejudice is shown, a defendant is not entitled to relief upon a claimed violation of his right to a speedy hearing even when the hearing was delayed due to the Commonwealth's lack of diligence. Id. at 1263.

Furthermore, even after the 15 month delay, Defense Counsel requested an additional year of continuances for further investigation to determine what credit for time served to which [Appellant] was entitled. On June 20, 2017, a video hearing was held in which this [c]ourt ordered Defense Counsel to make an accurate accounting of credit for time served for sentencing purposes. Defense requested a continuance for further investigation on this issue on March 13, 2018 and May 15, 2018. On June 11, 2018, Defense Counsel filed a Motion for Credit for Time-Served that represented that [Appellant] served 8 years, 7 months, and 13 days at that point for this case. On June 12, 2018, the very next day after finally providing an accurate accounting of [Appellant's] time credit, Defense Counsel made a motion for undue delay when [Appellant] was not brought to the courthouse from SCI Dallas. [Appellant] was likewise unable to be brought to the courthouse by the Department of Corrections on May 11, 2017 and February 28, 2018, which created an

additional delay that cannot be attributed to the Commonwealth. Id.

Trial Court Opinion, 3/4/19, at 5-6. We agree with the trial court's conclusion that Appellant suffered no prejudice.

It is undisputed that there was a delay in holding Appellant's violation of probation hearing. However, Appellant was incarcerated for the entire period of this delay as a result of his new convictions, and Appellant's new convictions were direct violations of his probation on the instant case. *See Commonwealth v. Foster*, 214 A.3d 1240, 1247 (Pa. 2019) (stating that a probationer violates his probation where he violates a specific condition of his probation or commits a new crime). Thus, Appellant was not prejudiced by an inability to present witnesses on his behalf, and he did not incur prejudice due to unnecessary restraint of personal liberty. *Christmas*, 995 A.2d at 1263; *Clark*, 847 A.2d at 125.

We note that Appellant also avers that he was prejudiced and his liberty was restrained unnecessarily because the Department of Corrections held him "on this case without considering his [sic] for parole, long after he should have been eligible for parole on his direct violation." Appellant's Brief at 14. This assertion is meritless.

As noted above, Appellant was convicted of new crimes at Philadelphia County Court of Common Pleas Docket Number 2946-2013 while he was serving the probationary term in the underlying case at Philadelphia County Court of Common Pleas Docket Number 807881-2004. Appellant's new

convictions constituted a direct violation of his probation. **Foster**, 214 A.3d at 1247. Appellant was sentenced on the new charges on February 1, 2016, to a term of eighteen to thirty-six months of incarceration. Appellant asserts that his liberty was restrained unnecessarily because he allegedly would have been paroled in August of 2017, at the expiration of his minimum sentence in the new case, were it not for the delay in holding the violation of probation hearing. Appellant's Brief at 14. This assertion is mere speculation because Appellant had no right to parole at the expiration of his minimum sentence. **See Commonwealth v. Beish**, 207 A.3d 964, 969 (Pa. Super. 2019) (explaining that a parolee has no vested right to be placed on parole; parole is an act of grace, not of right) (citations omitted). Thus, we conclude that Appellant's claim of prejudice is specious.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/20