**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTEZ DANA WHITLOW | : | |
| | : | |
| Appellant | : | No. 691 WDA 2023 |

Appeal from the PCRA Order Entered June 1, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013659-2014

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: June 28, 2024**

Appellant, Martez Dana Whitlow, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 1, 2016, Appellant entered a guilty plea to simple assault, eluding police, driving under the influence of alcohol or a controlled substance ("DUI"), possession of a small amount of marijuana, and summary traffic offenses. That same day, the court sentenced Appellant to three years of probation. Appellant did not appeal his judgment of sentence.

While on probation, Appellant incurred new criminal charges in

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Westmoreland County. On September 9, 2021, Appellant entered a guilty plea to one charge of drug delivery resulting in death, and the Westmoreland County trial court sentenced him to 5 to 10 years of incarceration. Appellant did not appeal his judgment of sentence.

On November 4, 2021, the trial court conducted a probation revocation hearing in the current case and found Appellant in violation of the terms of his probation. However, the court continued the case pending preparation of a presentence investigation report ("PSI"). On January 31, 2022, the court informed the parties that probation had prepared a report for the wrong offender; the court continued the hearing until May 19, 2022 due to the court's unavailability.

On May 18, 2022, the probation officer advised the court that she had contracted COVID-19; the trial court rescheduled the hearing to June 22, 2022. On June 22, 2022, the trial court revoked Appellant's probation and re-sentenced Appellant to 18 to 36 months' incarceration, consecutive to the term of imprisonment imposed in the Westmoreland County case. Appellant did not appeal from his judgment of sentence.

On July 22, 2022, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on January 4, 2023. In his petition, Appellant contended that counsel who represented him regarding the violation of probation ("VOP counsel") was ineffective for failing to move for dismissal of the revocation proceedings due to the delay in

scheduling the final hearing.  Following a hearing on the petition, the PCRA court denied relief on June 1, 2023.

On June 13, 2023, Appellant filed a timely notice of appeal.  On June 27, 2023, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely filed his Rule 1925(b) statement on July 4, 2023.

Appellant raises a single issue for our review:

> Under Pa.R.Crim.P. 708(B)(1), a judge "shall not revoke probation…unless there has been…a hearing held as speedily as possible…."  As a result of multiple court errors and oversights here, however, [Appellant's] probation violation hearing (where his probation was revoked) was delayed unreasonably.  Further, [Appellant's] probation hearing counsel admitted that he erred by failing to object to the Rule 708 violation.  Nevertheless, the PCRA court denied relief.  Did it err?

(Appellant's Brief at 2-3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error.  *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008).  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.  *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  If the record supports a post-conviction court's credibility determination, it is binding on the appellate court.  *Commonwealth v.*

*Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues that when probation is revoked, the revocation hearing must be held "as speedily as possible." (Appellant's Brief at 12-13). Appellant asserts that his revocation hearing was not held speedily and that this delay prejudiced him. Appellant contends that the 8½ month delay in conducting his revocation hearing was unreasonable and that the reasons for the delay were attributable to the trial court and probation officials, and that these factors weigh in his favor. Although Appellant admits that the prejudice requirement "does not weigh strongly" in his favor, he suffered "at least some prejudice by the mere fact that the revocation hearing was held several years after his probation sentence expired." (*See id.* at 17). Appellant insists that the totality of the circumstances in this case establishes a speeding hearing violation, and that VOP counsel was ineffective for failing to move for dismissal of the revocation hearing. (*Id.* at 17-18). Appellant concludes the PCRA court erred by denying his PCRA petition, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to

prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004) (citation omitted).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's

- 5 -

interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting ***Sandusky, supra*** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ***Hopkins, supra*** at 876 (quoting ***Commonwealth v. Chambers***, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

Pennsylvania Rule of Criminal Procedure 708 provides, in relevant part:

> **Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**
>
> \* \* \*
>
> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>
> > (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or

parole.

Pa.R.Crim.P. 708(B)(1)-(2).

This Court has previously summarized the applicable law related to speedy revocation hearings as follows:

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay.
>
> In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.
>
> The measure of delay extends from the defendant's date of conviction or entry of a guilty plea on the new charges to the date the court holds the revocation hearing. This Court has previously held delays of fifteen months, two years, and four years are not intrinsically reasonable.
>
> When examining the reasons for the delay, the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing. The court should not fault the Commonwealth for delays resulting from the Department of Corrections' inability to find, transport, or house defendants in their custody. Similarly, a court should not attribute to the Commonwealth delays caused by the defendant. Nonetheless, where the Commonwealth provides no explanation for the delay, the court should not attribute the delay to the defendant; instead, the court should analyze whether the delay prejudiced the defendant.
>
> To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him. There is no *per se* rule of prejudice for technical violations

- 7 -

of the Rules of Criminal Procedure. ***Commonwealth v. Marchesano***, 519 Pa. 1, 7-8, 544 A.2d 1333, 1336-37 (1988) (holding defendant cannot establish prejudice merely by alleging court held probation revocation hearing after defendant's period of probation expired). The controlling consideration at a revocation hearing is whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed.

Prejudice in this context has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty.

If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP hearing prejudiced him because he lost favorable witnesses and evidence.

***Commonwealth v. Christmas***, 995 A.2d 1259, 1262-64 (Pa.Super. 2010) (some internal citations and quotation marks omitted). In ***Christmas***, this Court concluded that where the defendant was incarcerated on the charges which had triggered the revocation, the 20-month delay between the appellant's new convictions and his revocation hearing did not cause him a loss of personal liberty. ***See id.*** Further, where the conviction conclusively established the probation violation, he could not claim that the delay prejudiced him due to the loss of favorable witnesses and evidence. ***Id.***

Instantly, the PCRA court addressed Appellant's ineffectiveness claim as follows:

> The record does not establish that [VOP] counsel rendered ineffective assistance of counsel. [Appellant] was charged in Westmoreland County with Drug Delivery Resulting in Death on July 3, 2018 and he pled guilty in that case on September 9, 2021. On November 4, 2021, less than 60 days after [Appellant] pled guilty in Westmoreland County, this [c]ourt convened a **Gagnon II**[2] hearing. This [c]ourt found that [Appellant] violated the terms of his probation and ordered that a [PSI] report be prepared. The hearing was continued until February, 2022. Due to the fact that a [PSI] report was prepared for the wrong offender, the hearing was continued again until May 5, 2022. It was continued again, this time due to a scheduling issue, until June 22, 2022. On that date, the hearing occurred and [Appellant] was sentenced. [Appellant] claims [VOP] counsel should have filed a motion to dismiss the revocation proceedings due to the delay in scheduling the final revocation hearing.
>
> *    *    *
>
> In this case, approximately two months elapsed between the date [Appellant] pled guilty to the charges in Westmoreland County and his initial probation violation hearing in Allegheny County. [The trial court] then ordered a [PSI] report and due to an inadvertent mistake in correctly ordering the [PSI] report, the revocation hearing was rescheduled. It was rescheduled again due to congestion in [the trial court's] calendar. The final hearing occurred approximately nine months after [Appellant] pled guilty in Westmoreland County. [Appellant] was not prejudiced by the time that elapsed because [Appellant] was incarcerated and serving a lengthy state court sentence relative to the Westmoreland County case during the pendency of the revocation proceedings. None of the delay was caused by the Commonwealth of Pennsylvania. The delay was not

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d. 656 (1973).

unreasonable. Had [VOP] counsel sought to dismiss the revocation proceedings due to the delay in scheduling the revocation hearing, his request would have been denied.

(PCRA Court Opinion, filed 10/18/23, at 5-6).

The record and applicable law support the PCRA court's conclusions. Appellant cannot establish prejudice solely by alleging that the revocation hearing was held after his probation had expired. **See Marchesano, supra**; **Christmas, supra**. Further, Appellant ignores the facts that his conviction on the new charge "conclusively establishe[d] his violation," and that he was already serving the 5–10-year term of incarceration related to that conviction while awaiting his revocation hearing. **See id.** Thus, Appellant cannot establish any loss of witnesses or evidence lost as a result of the delay or a loss of personal liberty as a result of the delay. **Id.** Therefore, we agree with the PCRA court that Appellant cannot show that the delay in his revocation proceedings prejudiced him. As the PCRA court observed, had VOP counsel requested dismissal of the proceedings, the court would have denied that request. On this record, Appellant cannot succeed on his ineffectiveness claim based on VOP counsel's failure to object to the delay in the proceedings, because it lacks arguable merit. **See Pierce, supra**; **Sandusky, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/28/2024